Vernon McDOUGAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 66249.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 21, 1981.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

DALLY, Judge.

This is an attempted appeal from an order deferring adjudication and placing Appellant on probation for 12 months. The record reflects that Appellant was charged by information with the offense of driving while intoxicated. Art. 6701*l*–1, V.A.C.S.

The record is before us without a transcription of the court reporter's notes or bills of exception. No brief was filed in

Appellant's behalf pursuant to Art. 40.09, Sec. 9, V.A.C.C.P. There is no indication of indigency. However, in reviewing the record in the interests of justice under Art. 40.09, Sec. 13, we have discovered a jurisdictional defect which requires that this appeal be dismissed.

The record reflects that the appellant entered a plea of nolo contendere and was admonished of the consequences of his plea by the trial court. The trial court heard evidence and found that it substantiated the appellant's guilt. The trial court, however, found that the best interests of society and the appellant would be served by deferring further proceedings without entering an adjudication of guilt and placing the appellant on probation for 12 months under the provisions of Art. 42.13, Sec. 3d (misdemeanor deferred adjudication). No motion requesting final adjudication was ever filed by the appellant. Notice of appeal was given in open court from the order deferring adjudication. See also Art. 42.12, Sec. 3d (felony deferred adjudication).

In *Williams v. State*, 592 S.W.2d 931 (Tex.Cr.App.1979) and *Wright v. State*, 592 S.W.2d 604 (Tex.Cr.App.1980), this Court held that it had no jurisdiction to review the decision to proceed to adjudication under Art. 42.12, Sec. 3d. See also *Shields v. State*, 608 S.W.2d 924 (Tex.Cr.App.1980).

Both Art. 42.12, Sec. 3d and Art. 42.13, Sec. 3d specifically provide that no appeal may be taken from a trial court's determination to proceed with an adjudication of guilt. We conclude that the clear import of these statutory provisions is likewise to preclude appellate review of an order deferring adjudication. See *George v. State*, 557 S.W.2d 787 (Tex.Cr.App.1977). If a defendant is dissatisfied with the decision to defer adjudication or with the terms and conditions of the order, his proper remedy is to move for final adjudication as provided in Art. 42.12, Sec. 3d(a) and Art. 42.13, Sec. 3d(a). After adjudication of guilt, a defendant's normal appellate remedies are available to him.[1]

---

1. See also *Walker v. State*, 557 S.W.2d 785 (Tex.Cr.App.1977) and *McNew v. State*, 608 S.W.2d 166 (Tex.Cr.App. opinion on appellant's motion for rehearing, delivered 1980).

The purported appeal from an order deferring adjudication and placing appellant on probation is dismissed for want of jurisdiction.

CLINTON, Judge, concurring.

I agree the Court lacks jurisdiction of this purported appeal from an order deferring adjudication of guilt and placing appellant on "probation." But it seems to me there is a firmer ground for our holding the Court is without jurisdiction than the twin provisions of Articles 42.12 and 42.13, § 3d, V.A. C.C.P., barring an appeal from determination by the court below to proceed with an adjudication of guilt on the original charge. That is the fundamental proposition constitutionally laid down and articulated in Article V, § 5, of the Constitution of the State of Texas: "The Court of Criminal Appeals shall have appellate jurisdiction . . . in all criminal cases . . . with such exceptions and under such regulations as may be prescribed by law." The corollary is, as expressed by the Court in *Ex parte Minor*, 115 Tex.Cr.R. 634, 27 S.W.2d 805, 807 (1930), "[O]ne who would invoke the jurisdiction of the Court of Criminal Appeals must be able to point to some provision of the statute conferring the right of appeal and bring himself with the procedure prescribed by the Legislature." Appellant simply cannot do that in the situation he finds himself. See generally *McIntyre v. State*, 587 S.W.2d 413, 416 (Tex.Cr.App.1979).

As *McNew v. State*, 608 S.W.2d 166 (Tex. Cr.App. Opinion on Rehearing, delivered 1980), makes clear, the kind of "probation" utilized by the court in a deferred adjudication proceeding pursuant to § 3d, supra, is a breed other than "regular" probation granted under authority provided elsewhere in the probation and supervision acts. Conceptually, "probation" during deferred adjudication is similar to "probation" following a conditional discharge allowed by § 4.12 of the Controlled Substances Act, Article 4476–15, V.A.C.S. *McIntyre v. State*, supra, at 414.

The appeal permitted by § 8(b) of the acts "for a review of the trial and *conviction* . . . at the time he is placed on probation" [1] is not available to one situated as our appellant here for he has not yet suffered a conviction, as *McNew v. State*, supra, convincingly demonstrates.

However, the Court correctly points out appellate review is not completely denied our appellant and others similarly situated—it merely awaits, as in the usual case, an adjudication of guilt, assessment of punishment, grant of "regular" probation or imposition of sentence "as if the adjudication of guilt had not been deferred," § 3d, supra; *Williams v. State*, 592 S.W.2d 931, 932 (Tex.Cr.App.1979); see *McIntyre v. State*, supra, at 418.

Accordingly, I concur in the order of dismissal.

McCORMICK, J., joins.

TEAGUE, Judge, concurring.

I concur wholeheartedly with what my Brethren Dally and Clinton say in these causes up to a point.

I believe, however, though dicta to these causes, Art. 42.12, Sec. 3d(b), V.A.C.C.P., may provide for multi-stage proceedings where the matter concerns deferred adjudication. The fear I have and why I write is that this Court's past and present decisions on deferred adjudication leave the Bench and Bar in some quarters of this State in a state of perplexity, confusion and anxiety.

First, if an accused enters a plea of guilty or nolo contendere to a criminal offense for which the trial court may grant adult probation, and the trial court finds the evidence substantiates the defendant's guilt and if the trial court believes the best interests of society and of the defendant will be served, it may defer further proceedings and place the defendant on probation on reasonable terms and conditions as the court may require and for a period as the court may prescribe not to exceed 10 years, without entering a judgment of guilt.

1. All emphasis is mine unless otherwise indicated.

There is no appeal from that decision to this Court. However, a defendant is not without a remedy in law for if he is dissatisfied with the trial court deferring further proceedings and placing him on deferred probation, then the statute provides the defendant may, by filing a written notice within 30 days after the entry of the plea and the deferment of adjudication, request final adjudication, and have his guilt adjudicated. Should this occur, and the trial court adjudicates the defendant's guilt, then there should be a punishment hearing, pursuant to Art. 37.07, V.A.C.C.P., and, after assessment of punishment and the expiration of the usual times governing motions and amended motions for new trial and sentencing, if any, the defendant would then have the right to appeal to this Court; whether he is assessed a term of years in the penitentiary or is granted another probation.

If the defendant does not timely move to have his guilt adjudicated and subsequently the trial court proceeds to adjudicate the guilt of the defendant pursuant to a motion that the defendant has violated his probation then, after the hearing and adjudication of guilt, there should be a punishment hearing, pursuant to Art. 37.07, V.A.C.C.P., and thereafter the assessment of punishment by the trial court and sentence, if necessary. The defendant would thereafter have the legal right to appeal to this Court "all proceedings, including assessment of punishment, pronouncement of sentence, if any, and granting of probation, if any," just as in an ordinary appeal of a plea of guilty or nolo contendere case.

In sum, I do not believe there is an appeal from the trial court's decision deferring adjudication of guilt, but once the decision is made to adjudicate the defendant's guilt, and the guilt is adjudicated, then I believe the matter is not any different, for appeal purposes, from that where the defendant has appeared in court, plead guilty or nolo contendere to a felony offense, and awaits the assessment of his punishment.

A close reading of Judge Dally's opinion does not allow for the proper procedure because the "appellate remedies that are available to a defendant," do not commence at least until there has been an assessment of punishment, the overruling of a motion or amended motion for new trial, and a sentence, where required by law or, if no sentence, then the filing of a motion or amended motion for new trial pursuant to Art. 44.08(b), V.A.C.C.P., and thereafter the giving of timely notice of appeal.

In my opinion, my distinguished Brethren imply there is a different procedure available to a defendant in a deferred adjudication cause but I have concluded there is only one procedure available and it is dependent upon (1) whether the defendant himself desires to have his guilt adjudicated or (2) if the trial court subsequently adjudicates his guilt. Perhaps, someday in the future members of the Bench and Bar of this State will be blessed with an opinion by this Court discussing the full panoply of the handling of a deferred adjudication case. In the meantime, however, I fear the decisions of this distinguished Court and its members will leave many defendants, their attorneys, some prosecutors and some trial judges grouping in the dark like a virgin husband on the first night of his honeymoon. But, someday, I hope my Brethren will be fortunate enough to find the light bulb that will reveal the true meaning of deferred adjudication to those members on the Bench and Bar who have not found the light switch which I now tender to the other members of this Court.