**Charles Randall HARDY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 66169.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 21, 1981.

Steve Bairstow, Houston, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

This is an attempt to appeal from an order deferring adjudication and placing Appellant on probation for a period of three years. The record reflects that Appellant was charged with the offense of possession of a controlled substance, namely methamphetamine. Art. 4476–15, § 4.04, V.A.C.S.

The record further reflects that Appellant waived trial by jury and entered a plea of guilty before the court. The trial court heard evidence and found that it substantiated Appellant's guilt. The trial court, however, entered an order deferring adjudication of guilt and placed Appellant on probation for three years under the provisions of Art. 42.12, § 3d, V.A.C.C.P. (felony deferred adjudication). No motion requesting a final adjudication was ever filed by Appellant. Notice of appeal was given in open court from the order deferring adjudication.

In *McDougal v. State*, Tex.Cr.App., 610 S.W.2d 509, (No. 66,249 delivered this day) we held that there was no appeal from an order deferring adjudication under Art. 42.13, § 3d (misdemeanor deferred adjudication). As we stated in *McDougal v. State*, supra, if a defendant is dissatisfied with the decision to defer adjudication or with the terms and conditions of the order, his proper remedy is to move for final adjudication as provided in Art. 42.12, § 3d(a). After adjudication of guilt, a defendant's normal appellate remedies are available to him.

This purported appeal from an order deferring adjudication is dismissed for want of jurisdiction.

TEAGUE, Judge, concurring.

For the same reasons stated in *McDougal v. State*, Tex.Cr.App., 610 S.W.2d 509, No. 66,249, decided this date, I concur in the result reached by Judge Dally.