**Eddie Ray DANIELS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 66842.

Court of Criminal Appeals of Texas,
Panel No. 3.

May 20, 1981.

Douglas H. Parks, Dallas, for appellant.

Henry Wade, Dist. Atty., William D. Sheetz, and C. Wayne Huff, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order revoking probation.

On April 1, 1977, appellant pled guilty to a charge of burglary of a building. After hearing the evidence, and finding that it substantiated appellant's guilt, the court deferred further proceedings without entering an adjudication of guilt, and placed appellant on probation for a period of four years.

On April 18, 1980, the State filed a motion to proceed with an adjudication of guilt. The trial court then revoked appellant's probation and entered an adjudication of guilt after finding that he had violated the conditions of his probation by committing an offense, failing to report to his probation officer, failing to pay the probation fee, and by failing to make restitution. On July 1, 1980, appellant's punishment was assessed at four years.

In this purported appeal, appellant contends the court abused its discretion in revoking his probation in that the evidence is insufficient to support the court's order finding the above violations.

Art. 42.12, Sec. 3d(b), supra, provides in part:

"On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination...."

In *Williams v. State*, Tex.Cr.App., 592 S.W.2d 931, we held that under the terms of the above statute, no appeal may be taken from the hearing in which the trial court determines to proceed with an adjudication of guilt on the original charge. See *Wright v. State*, Tex.Cr.App., 592 S.W.2d 604. Accordingly, appellant's contention is not reviewable.

The judgment is affirmed.

TEAGUE, Judge, dissenting.

We gather together today to once again look at that wondrous and mystifying creature called, among the bench and bar of this State, "deferred adjudication." To appreciate this comment, attention is directed to

the following decisions of this Court. *McDougal v. State*, 610 S.W.2d 509 (1981); *Hardy v. State*, 610 S.W.2d 511 (1981); *Wright v. State*, 592 S.W.2d 604 (1980); *Laday v. State*, 594 S.W.2d 100 (1980); *Shields v. State*, 608 S.W.2d 924 (1980); *McNew v. State*, 608 S.W.2d 166 (1980); and *Williams v. State*, 592 S.W.2d 931 (1979).

By the above cases, all of which involve "deferred adjudication," it appears that only members of the Dallas District Attorney's office understand what our legislature has said but, like so many other persons, have failed to grasp all of the statute's import.

Art. 42.12, Sec. 3d, V.A.T.C.C.P., hereinafter cited as C.C.P., provides in part:

(a) When in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, *defer further proceedings without entering an adjudication of guilt, and place the defendant on probation on reasonable terms and conditions as the court may require and for a period as the court may prescribe not to exceed 10 years.* However, upon written motion of the defendant requesting final adjudication filed within 30 days after entering such plea and the deferment of adjudication, the court shall proceed to final adjudication as in all other cases.

(b) On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this Article. *The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had been deferred.* (emphasis added)

The record reflects that appellant was originally charged by indictment with the offense of burglary of a building, a felony of the second degree. See V.T.C.A. Penal Code, Sec. 30.02. Appellant thereafter appeared in court and entered a plea of guilty. An order "deferring further proceedings without entering an adjudication of guilt" was then entered. Appellant was placed on "regular" probation for a term of four years. Thereafter, the State filed a motion to proceed with an adjudication of guilt, later amending same, alleging in both motions that appellant violated the probation in many ways. A hearing was held and the trial court entered judgment setting aside the order deferring adjudication, and entered a finding that "the said Defendant is guilty of the offense of Burglary of a building, a 2nd degree felony," and assessed his punishment at four years' confinement in the Texas Department of Corrections. Appellant was thereafter sentenced and timely gave notice of appeal to this Court.

*If* an accused enters a plea of guilty or nolo contendere to a criminal offense for which the trial court may grant adult probation, *and* the trial court finds the evidence substantiates the defendant's guilt, *and if* the trial court believes the best interest of society and of the defendant will be served, *it may defer* further proceedings and place the defendant on probation on reasonable terms and conditions as the court may require and for a period as the court may prescribe not to exceed 10 years. But, the trial court does not enter a judgment of guilt in that instance.

There is no appeal from that decision to this Court. However, a defendant is not without a remedy in law for if he is dissatisfied with the trial court deferring further proceedings and placing him on deferred adjudication probation, then the statute provides the defendant may, by filing written notice within 30 days after the entry of the plea and the deferment of adjudication, request final adjudication, and have his guilt adjudicated. Should this occur, and the trial court adjudicates the defendant's

guilt, then there should be a punishment hearing pursuant to Art. 37.07, C.C.P., Cf. *Basaldua v. State*, Tex.Cr.App., 481 S.W.2d 851, 853 (1972), and, after assessment of punishment and sentencing, if necessary, the defendant would have the right to appeal to this Court; whether he is assessed a term of years in the penitentiary or is granted another probation.

If the defendant does not timely move to have his guilt adjudicated and the trial court subsequently proceeds to adjudicate the guilt of the defendant pursuant to motion of the State then, after the hearing and adjudication of guilt, there should be a punishment hearing, pursuant to Art. 37.07, C.C.P., Cf. *Basaldua v. State, id.*, and thereafter punishment should be assessed by the trial court and the defendant sentenced, if necessary. The defendant would then have the legal right to appeal to this Court "all proceedings, including assessment of punishment, pronouncement of sentence, if any, and granting of probation, if any."

Here, at the conclusion of the hearing, and after the court entered its order that the deferred adjudication be set aside, and judgment of guilt be entered, punishment was assessed at four years' confinement in the Texas Department of Corrections. Although no punishment hearing was conducted by the trial court, the record reflects that the trial court honored a plea bargain agreement made at the original proceedings, i. e., that appellant's punishment would be assessed at four years' confinement in the Texas Department of Corrections. Thus, the requirement that a punishment hearing be held or conducted was satisfied by the plea bargain agreement.

Appellant does not challenge in this appeal, in any way, form or fashion, his initial plea of guilty. Nor did he, after being granted deferred adjudication probation, take any action to have the trial court make a final adjudication, as provided by the statute. However, the State chose, based upon appellant's alleged violations of probation, to motion the trial court to proceed with an adjudication of guilt on the original charge. The trial court, after a hearing, thereafter adjudicated appellant's guilt of the original offense.

The sole and only purpose of the State's motion to adjudicate the defendant's guilt is a statutory device to have the defendant brought back before the trial court for it to determine after a hearing whether it will proceed with an adjudication of guilt on the original charge. It is a due process and due course requirement written into our law through the aegis of *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) and *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). See also *Whisenat v. State*, Tex.Cr.App., 557 S.W.2d 102 (1977).

The appeal from an order adjudicating the defendant's guilt does not encompass the sufficiency of any violation of any condition of probation, for the issue on appeal is not whether the defendant violated a condition of probation but whether the trial court erred by proceeding to adjudicate the defendant's guilt of the original charge. I, therefore, feel there is no necessity to discuss appellant's contention that the violations of probation were not supported by sufficient evidence.

However, I feel he is entitled to litigate in this Court the trial court's decision to adjudicate his guilt of the original offense.

This Court has not delineated definitively the quantum of evidence necessary to support an order of the trial judge adjudicating a defendant's guilt. Of course, a defendant may challenge and attack the original proceedings and this Court's decisions regarding the validity of a plea of guilty or nolo contendere control that aspect of the case. See, for example, *Dinnery v. State*, Tex.Cr.App., 592 S.W.2d 343, 350 (1980).

Because of the similarity an order or decision adjudicating a defendant's guilt has to an order revoking probation, and in an attempt to assure uniformity of decisions and to furnish guidance for trial courts, I would hold that, as the Court has held in revocation of probation causes, see *Scamardo v. State*, Tex.Cr.App., 517 S.W. 293, 298 (1974), an order adjudicating a defendant's guilt must be supported by a preponderance of

the evidence; in other words, that greater weight of the credible evidence which would create a reasonable belief that the trial court's decision to adjudicate a defendant's guilt was predicated upon a reasonable basis. This is required by due process and due course of law, for otherwise a trial court could arbitrarily and capriciously adjudicate a defendant's guilt of the original offense, after invoking the provisions of the deferred adjudication of guilt law, without any basis in fact, and the defendant would thereafter be without a remedy.

I find, however, that in this cause there was more than sufficient reason and cause for the trial court to adjudicate appellant's guilt. Appellant's probation officer testified that the last time appellant reported was March 20, 1978. (The hearing to adjudicate was held on July 1, 1980.) Appellant also failed to pay his $10 per month supervisory fee, as directed. Nor did he pay the restitution sum of $25 as ordered by the trial court. Further, it appears appellant now stands accused of a new felony offense.

I would therefore affirm the decision of the trial court to adjudicate appellant's guilt. Appellant raises no contention regarding his original conviction and, from the record, I find total compliance with our law as to that conviction. See Arts. 1.15 and 26.13, C.C.P.; and *Dinnery v. State*, supra.

In closing, I sadly add the following. By the majority's decision, the light glows ever dimmer in this Court, see my concurring opinion in *McDougal v. State*, 610 S.W.2d 509, 511, for those persons who suffer from deferred adjudication or who have had their guilt adjudicated.

By this decision and the other decisions of this Court, regarding deferred adjudication, a defendant who suffers from either deferred adjudication or has had his guilt adjudicated has effectively, without due process and due course of law, as provided by our respective Constitutions, been denied and deprived of a right of review, a right so basic to our jurisprudence that citation of authority is unnecessary.

But, contrary to the majority, my candle, though dim, will always glow brightly for the Constitutional right of review.

For the above reasons, I respectfully dissent.