Issa v. State 






MOTION FOR REHEARING DENIED
OCTOBER 4, 1990

NO. 10-89-199-CR
Trial Court
# 87-696-C
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

MICHAEL WADIN ISSA,
Appellant
v.

THE STATE OF TEXAS,
Appellee

* * * * * * * * * * * * *

From 54th Judicial District Court
McLennan County, Texas

* * * * * * * * * * * * *

OPINION ON REHEARING

* * * * * * * * * *
Although Appellant brought four points of error originally, he
now brings his second motion for rehearing, complaining in ten
points of error of our decision to affirm the trial court's
judgment. The motion for rehearing will be denied for the
following reasons.
By points one, two, three and six of the motion for rehearing,
Appellant complains that we erred in our decision to overrule
Appellant's original point one. Appellant's complaint in the
original point one is that the trial court erred "by adjudging
Defendant guilty and immediately sentencing him to ten years
confinement without giving Defendant any opportunity to be heard on
the issue of punishment and sentence." At the end of the State's
evidence, counsel for Appellant made a motion asking the trial
court to render judgment denying revocation. The court denied this
motion, and Appellant's counsel stated: "Defendant rests, Judge." 
Nowhere in the record is there any indication that the trial judge
would not have given Appellant the opportunity to be heard if
Appellant had opted to do so. Before Appellant rested he could
have asked permission to call his probation officer. The decision
to reopen a case is left to the sound discretion of the trial
judge, therefore, regardless of Appellant's failure to object, we
find there was no abuse of discretion. See Boatright v. State, 472
S.W.2d 765 (Tex. Crim. App. 1984); see also Duhart v. State, 668
S.W.2d 384, 387 (Tex. Crim. App. 1984)(holding that a separate
hearing on punishment was not mandatory). Points one, two, three
and six of the motion for rehearing are without merit.
Points four and seven of the motion for rehearing are
assertions that we erred in deciding Appellant's original point
two. Although Appellant originally used the former article 42.12,
section 4 of the Code of Criminal Procedure as authority for point
two in his brief, in his motion for rehearing he also uses the
current article 42.12, section 9 of the Code of Criminal Procedure
as authority for this claim. Section 9 is now merely the
replacement for section 4 and both sections are essentially the
same. Compare TEX. CODE CRIM. PROC. ANN. arts. 42.12 Â§Â§ 4, 9
(Vernon Supps. 1989 and 1990). However, because the hearing was
held in 1989 the applicable law is section 4, and Texas courts'
interpretation of this section apply as authority. Appellant
asserts that the judge at the hearing on the motion to revoke
Appellant's probation should have:
directed a probation officer to report to the Court in
writing on the circumstances of the offense of which the
Defendant was charged, the criminal and social history of
the Defendant, and any other information relating to the
Defendant or the offense alleged against him, by failing
to make any finding that there was sufficient information
in the record to permit a meaningful exercise of
sentencing discretion, by failing to explain any such
finding on the record and failing to ever inspect, read
or have presented to him any such report which had ever
been prepared prior to said hearing when there was no
such report contained in the records or filed in the
cause . . . .
While Appellant is correct that former section 4 and current
section 9 seem to require judges to take the actions Appellant
describes, these actions were, at least at the time of the hearing
on the motion to revoke Appellant's probation, actually
discretionary. See State ex. rel. Turner v. McDonald, 676 S.W.2d
375 (Tex. Crim. App. 1984); Trevino v. State, 761 S.W.2d 562, 567
(Tex. App.--San Antonio 1988 pet. ref'd). However, irrespective of
that fact, these sections appear to apply to the hearing on whether
or not a defendant should be placed on probation, and not to the
hearing on a motion to revoke probation. See Turner, 676 S.W.2d at
378. At the time Appellant pled guilty the trial judge stated that
he ordered a presentence investigation, that he had it back, and
that he was going to place Appellant on deferred adjudication for
five years. Apparently, the presentence investigation report was
the impetus for Appellant's being placed on deferred adjudication
probation in the first place. Now, Appellant insists that at the
revocation hearing he should have been afforded the benefits that
he received at the original hearing. We find no authority to
support this contention. When Appellant pled guilty and was placed
on deferred adjudication he was subject to being assessed the
maximum allowed punishment for the offense if his probation was
revoked and his case was adjudicated. See Reed v. State, 644
S.W.2d 479, 483-84 (Tex. Crim. App. 1983). After the State rested
at the revocation hearing, Appellant could have proceeded to offer
evidence in mitigation of his punishment, but as noted supra, he
did not do so. Points four and seven of the motion for rehearing
are without merit.
Points five and nine of Appellant's motion for rehearing
appear to be identical claims. Appellant maintains in these points
that we erred in overruling his original point four--that Appellant
should have been allowed to withdraw his plea pursuant to article
26.13(a)(2) of the Code of Criminal Procedure after the judge at
the revocation hearing sentenced him. See TEX. CODE CRIM. PROC.
ANN. art. 26.13(a)(2)(Vernon 1989). Again, Appellant treats the
revocation hearing the same as the original proceeding in which the
court placed Appellant on probation. The record reveals only one
plea recommendation, and that recommendation was five years with
Appellant to be placed on deferred adjudication. The court
accepted the "plea bargain," therefore, the court did not reject
the agreement and Appellant could not withdraw. See id. Merely
because the court later found that Appellant violated a condition
of his probation and revoked it does not mean that Appellant can
treat the revocation and subsequent sentencing as a rejection of
the original plea agreement. Points five and nine of the motion
for rehearing are without merit. 
Appellant states in point eight of the motion for rehearing
that our decision to overrule his original point three is in error. 
He claims that pursuant to article 42.12, section 4(d)(e) of the
Code of Criminal Procedure he should have been given access to the
presentence investigation report. See TEX. CODE CRIM. PROC. ANN.
art. 42.12 Â§ 4(d)(e)(Vernon Supp. 1989). This point is without
merit based upon the reasons stated in our original opinion and for
the reasons stated in the discussion of points four and seven
supra.
The final point for consideration on Appellant's motion for
rehearing is point ten which asserts we erred in deciding
Appellant's original point five. Appellant alleges that his
adjudication of guilt rendered upon the finding of the trial judge
that "Defendant had violated a condition of probation by committing
the offense of theft was and is void for the reason that there was
no evidence to support the finding." Although, as we discussed in
our original opinion, there was sufficient evidence to support the
court's finding, no appeal may be taken from the hearing in which
the trial court determines to proceed with an adjudication of guilt
on the original charge. See TEX. CODE CRIM. PROC. ANN. art. 42.12
Â§Â§ 3d(b), 5(b) (Vernon Supps. 1989 and 1990); Daniels v. State, 615
S.W.2d 771 (Tex. Crim. App. [Panel Op.] 1981). Therefore,
Appellant's last point is actually not even reviewable by this
court. Point ten of the motion for rehearing is without merit, and
the motion for rehearing is denied.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
TERRY R. MEANS
DO NOT PUBLISHJustice



oint to evidence that she
was in privity with the third-party debtors.

   The evidence being viewed in
the light most favorable to Abendschein, the trial court did not err in
granting GEÂs motion for summary judgment.Â  We overrule AbendscheinÂs issue.

Â Â Â Â Â Â Â  Having
overruled AbendscheinÂs sole issue, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

Â Â Â Â Â Â Â  Justice Vance, and

Â Â Â Â Â Â Â  Justice Reyna

Affirmed

Opinion delivered and filed December 12, 2007

[CV06]Â Â Â Â Â Â Â Â Â Â Â  









Â Â Â Â Â Â Â Â Â  [1]Â AbendscheinÂs
requests for admissions were as follows:

1.Â Â Â Â Â Â  You
accelerated maturity of a debt owed to you by John David Walts and Rhonda Faye
Walts on or before March 19, 2001.

2.Â Â Â Â Â Â  The debt
described in Request No. 1 was secured by a deed of trust encumbering Lot 20 of
the Cedar Ridge Estates, Part 1, a subdivision to McLennan County, Texas,
according to the amended plat of said subdivision recorded in Volume 1180, page
651 of the Deed Records of McLennan County, Texas.

3.Â Â Â Â Â Â  John David
Walts and Rhonda Faye Walts did not sign a reinstatement agreement concerning
the debt described in Request No. 1 after March 19, 2001.

4.Â Â Â Â Â Â  The
document attached as Exhibit 1 is a true and correct copy of a Notice of
Acceleration and Notice of Posting & Foreclosure that you sent to John D.
Walts.

5.Â Â Â Â Â Â  The
document attached as Exhibit 2 is a true and correct copy of a Notice of
TrusteeÂs Sale that you sent to John D. Walts.

6.Â Â Â Â Â Â  On or
before April 10, 2001, you filed with the County Clerk of McLennan County, Texas a notice of trusteeÂs sale giving notice of a trusteeÂs sale on May 1, 2001 of the
property described in Request Number 2.Â Â Â Â Â  

(I C.R. at 100.)Â  A Notice
of Acceleration and Notice of Posting & Foreclosure, and a Notice of
TrusteeÂs Sale were attached.