TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00553-CR

Frederick Wells, Jr., Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT

NO. 44,039, HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING

PER CURIAM

 After accepting appellant's guilty plea and finding that the evidence substantiated his guilt
of unauthorized use of a motor vehicle, the district court deferred adjudication and placed appellant on
community supervision. Later, on the State's motion, the court revoked supervision, adjudicated guilt, and
sentenced appellant to imprisonment for five years. Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 31.07,
1973 Tex. Gen. Laws 883, 932 (Tex. Penal Code Ann. § 31.07, since amended). In his only point of
error, appellant contends the district court abused its discretion by proceeding to adjudication and,
alternatively, by failing to continue him on community supervision following adjudication.

 To the extent that appellant's point of error challenges the determination to proceed to
adjudication, it presents nothing for review. Phynes v. State, 828 S.W.2d 1 (Tex. Crim. App. 1992);
Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); Daniels v. State, 615 S.W.2d 771
(Tex. Crim. App. 1981); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1997). Further,
a sentence that is within the proper statutory range will seldom, if ever, be disturbed on appeal. Jackson
v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); Nunez v. State, 565 S.W.2d 536, 538 (Tex.
Crim. App. 1978). Appellant's brief contains no argument in support of his claim that the court abused its
discretion in assessing punishment. The point of error is overruled.

 The judgment of conviction is affirmed.

Before Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: February 27, 1997

Do Not Publish