TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00315-CR

Stephen Edward Krammer, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT

NO. CR91-0801-A, HONORABLE BARBARA WALTHER, JUDGE PRESIDING

Appellant Stephen Edward Krammer pleaded guilty to an indictment accusing him of
aggravated kidnapping. See Tex. Penal Code Ann. § 20.04 (West 1994 & Supp. 1998). (1) The district
court found that the evidence substantiated appellant's guilt and, pursuant to a plea bargain, deferred further
proceedings and placed appellant on community supervision. Later, on the State's motion, the court
revoked supervision, adjudicated appellant guilty, and sentenced him to imprisonment for fifty-two years.

In his only point of error, appellant contends the district court erred by hearing evidence
on the State's motion to revoke and proceed to adjudication concurrently with the trial of Tom Green
County cause number B-95-0348-S. The court adopted this procedure because several of the alleged
grounds for revocation were identical to the allegations made in the indictment in that cause. The trial in
cause number B-95-0348-S resulted in a jury verdict of not guilty. The court later held a further hearing
on the motion to revoke, at which time the State abandoned the allegations relating to the offenses for which
appellant was acquitted. Appellant pleaded true to most of the remaining allegations.

Appellant's point of error presents nothing for review for several reasons. First, no appeal
may be taken from the determination to proceed to adjudication. Phynes v. State, 828 S.W.2d 1 (Tex.
Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); Daniels v.
State, 615 S.W.2d 771 (Tex. Crim. App. 1981); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West
Supp. 1998). After adjudication of guilt, all proceedings, including the appeal, continue as if the
adjudication of guilt had not been deferred. Art. 42.12, § 5(b).

Second, the record reflects that appellant withdrew his initial objection to having the motion
to revoke and later indictment heard together. Any error was thereby waived. Tex. R. App. P. 33.1.

Finally, appellant filed a general notice of appeal. The error he seeks to raise is not
jurisdictional. See Watson v. State, 924 S.W.2d 711, 714-15 (Tex. Crim. App. 1996).

The judgment of conviction is affirmed.

 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 15, 1998

Do Not Publish
1. Amendments to the statute subsequent to the offense are irrelevant to this appeal.