TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00204-CR







Barbara Christine Vidlund, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL

DISTRICT

NO. 92-686-K368, HONORABLE BURT CARNES, JUDGE PRESIDING







Appellant's brief raises this single issue: "Does appellant have a right to appeal an order
of the trial court adjudicating guilt, following appellant's plea of 'true,' during a period of deferred
adjudication probation, where the State and appellant had an agreement as to punishment and the trial court
refused to follow such agreement[?]" See Tex. R. App. P. 38.1(e). We will answer this question in the
negative and affirm the judgment of conviction.

On September 28, 1993, after accepting appellant's guilty plea to an indictment accusing
her of indecency with a child, the district court found that the evidence substantiated her guilt, deferred
further proceedings, and placed appellant on community supervision. On March 4, 1997, the court
conducted a hearing on the State's motion to revoke and adjudicate. Appellant pleaded true to one of the
alleged violations and testified to certain mitigating circumstances. The prosecutor informed the court that
the State had agreed to recommend that appellant's probation be extended for one year with outpatient
treatment for her drug problems. At the conclusion of the hearing, the court revoked supervision,
adjudicated guilt, and sentenced appellant to imprisonment for sixteen years. Appellant did not ask to
withdraw her plea of true nor did she file a motion for new trial.

Appellant argues that her plea of true was prompted by the State's agreement to
recommend that her probation be continued. No appeal may be taken, however, from the trial court's
determination to proceed to adjudication. Phynes v. State, 828 S.W.2d 1 (Tex. Crim. App. 1992);
Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); Daniels v. State, 615 S.W.2d 771
(Tex. Crim. App. 1981); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1998). Whatever
the circumstances of appellant's plea at the adjudication hearing, the statutory prohibition on appeal from
the decision to adjudicate is absolute. See Phynes, 828 S.W.2d at 2 (may not appeal alleged violation of
constitutional rights); Williams v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979) (decision to
proceed with adjudication of guilt is one of absolute unreviewable discretion). After adjudication of guilt,
all proceedings, including the appeal, continue as if the adjudication of guilt had not been deferred. Art.
42.12, § 5(b). For the same reason, we cannot review appellant's contention that her testimony at the
adjudication hearing established that her violation of the conditions of her supervision was justified by
necessity. See Tex. Penal Code Ann. § 9.22 (West 1994).

We also note that appellant cannot complain that the sixteen year sentence exceeds that
to which she had agreed. This is an appeal from appellant's conviction for indecency with a child, and the
relevant plea bargain is the one to which appellant agreed before pleading guilty. As the Court of Criminal
Appeals has written, "when a prosecutor recommends deferred adjudication in exchange for a defendant's
plea of guilty or nolo contendere, the trial judge does not exceed that recommendation if, upon proceeding
to an adjudication of guilt, he later assesses any punishment within the range allowed by law." Watson v.
State, 924 S.W.2d 711, 714 (Tex. Crim. App. 1996). Before placing appellant on deferred adjudication
supervision, the district court admonished her that she could be sentenced to twenty years in prison if she
violated the supervisory conditions. The punishment assessed by the district court after adjudicating
appellant guilty did not amount to a refusal to implement the plea bargain. Id. 

The judgment of conviction is affirmed.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: April 2, 1998

Do Not Publish



YLE="font-size: 11pt">
FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL

DISTRICT

NO. 92-686-K368, HONORABLE BURT CARNES, JUDGE PRESIDING







Appellant's brief raises this single issue: "Does appellant have a right to appeal an order
of the trial court adjudicating guilt, following appellant's plea of 'true,' during a period of deferred
adjudication probation, where the State and appellant had an agreement as to punishment and the trial court
refused to follow such agreement[?]" See Tex. R. App. P. 38.1(e). We will answer this question in the
negative and affirm the judgment of conviction.

On September 28, 1993, after accepting appellant's guilty plea to an indictment accusing
her of indecency with a child, the district court found that the evidence substantiated her guilt, deferred
further proceedings, and placed appellant on community supervision. On March 4, 1997, the court
conducted a hearing on the State's motion to revoke and adjudicate. Appellant pleaded true to one of the
alleged violations and testified to certain mitigating circumstances. The prosecutor informed the court that
the State had agreed to recommend that appellant's probation be extended for one year with outpatient
treatment for her drug problems. At the conclusion of the hearing, the court revoked supervision,
adjudicated guilt, and sentenced appellant to imprisonment for sixteen years. Appellant did not ask to
withdraw her plea of true nor did she file a motion for new trial.

Appellant argues that her plea of true was prompted by the State's agreement to
recommend that her probation be continued. No appeal may be taken, however, from the trial court's
determination to proceed to adjudication. Phynes v. State, 828 S.W.2d 1 (Tex. Crim. App. 1992);
Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); Daniels v. State, 615 S.W.2d 771
(Tex. Crim. App. 1981); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1998). Whatever
the circumstances of appellant's plea at the adjudication hearing, the statutory prohibition on appeal from
the decision to adjudicate is absolute. See Phynes, 828 S.W.2d at 2 (may not appeal alleged violation of
constitutional rights); Williams v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979) (decision to
proceed with adjudication of guilt is one of absolute unreviewable discretion). After adjudication of guilt,
all proceedings, including the appeal, continue as if the adjudication of guilt had not been deferred. Art.
42.12, § 5(b). For the same reason, we cannot review appellant's contention that her testimony at the
adjudication hearing established that her violation of the conditions of her supervision was justified by
necessity. See Tex. Penal Code Ann. § 9.22 (West 1994).

We also note that appellant cannot complain that the sixteen year sentence exceeds that
to which she had agreed. This is an appeal from appellant's conviction for indecency with a child, and the
relevant plea bargain is the one to which appellant agreed before pleading guilty. As the Court of Criminal
Appeals has written, "when a prosecutor recommends deferred adjudication in exchange for a defendant's
plea of guilty or nolo contendere, the trial judge does not exceed that recommendation if, upon proceeding
to an adjudication of guilt, he later assesses any punishment within the range allowed by law." Watson v.
State, 924 S.W.2d 711, 714 (Tex. Crim. App. 1996). Before placing appellant on deferred adjudication
supervision, the district court admonished her that she could be sentenced to twenty years in prison if sh