NUMBER 13-99-041-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


TIFFANY M. CARLOCK, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 36th District Court of San Patricio

County, Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 This is an appeal from the trial court's order revoking community
supervision and adjudicating guilt. By two points of error, appellant,
Tiffany Carlock, contends the trial court erred in denying her motion for
new trial because: (1) she received ineffective assistance of counsel and
(2) her counsel had an actual conflict of interest. We dismiss this
appeal for want of jurisdiction.

 As part of a plea agreement, appellant pleaded guilty on May 3,
1996 to the offense of possession of more than four grams but less
than two hundred grams of a controlled substance.(1) On June 21, 1996,
the trial court deferred the adjudication of guilt and placed appellant on
community supervision for a term of four years.

 On September 24, 1998, the State filed a motion to revoke
appellant's community supervision based on appellant's alleged use
and possession of a controlled substance.(2) The trial court heard the
motion on January 11, 1999, and appellant pleaded "not true" to the
allegations. The court found the allegations to be true, and proceeded
to adjudicate guilt. The trial court assessed appellant's punishment at
five years in the Institutional Division of the Texas Department of
Criminal Justice. The court then suspended the sentence and placed
appellant on community supervision for a term of five years. Appellant
filed a general notice of appeal on January 20, 1999. On February 8,
1999, appellant filed a motion for new trial and a motion for permission
to appeal. On February 24, 1999, appellant filed amended motions for
new trial and permission to appeal. In her motion for new trial,
appellant alleged that: (1) her trial counsel had a conflict of interest and
(2) she received ineffective assistance of counsel. The trial court heard
these motions on March 12, 1999. Neither motion was completely
ruled on by the trial court.(3)

 Because appellant was placed on deferred adjudication for the
original offense, we must consider the threshold issue of whether this
Court has jurisdiction to consider this appeal. A defendant placed on
deferred adjudication may raise issues relating to the original plea
proceedings only in appeals taken when deferred adjudication
community supervision is first imposed. See Manuel v. State, 994
S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

 In this case, appellant could have appealed from the trial court's
original order placing her on deferred adjudication community
supervision and then asserted her complaints of conflict of interest and
ineffective assistance of counsel. However, appellant did not appeal
from the trial court's order first imposing deferred adjudication
community supervision.(4) Instead, she chose to appeal the trial court's
order revoking her deferred adjudication community supervision and
adjudicating guilt. Accordingly, we conclude this Court does not have
jurisdiction to address appellant's complaints.

 Further, appellant contends the trial court erred by refusing to
grant her motion for new trial.(5) The record shows appellant's motion
for new trial was filed more than two years after the original judgment
of deferred adjudication community supervision was signed. In
accordance with Manuel, we conclude appellant's motion for new trial
was not timely filed because it was not filed immediately after the trial
court first imposed deferred adjudication community supervision.

 As in Manuel, appellant's general notice of appeal, even assuming
it was timely filed, did not comply with Texas Rule of Appellate
Procedure 25.2(b)(3) because it did not state that the trial court had
given appellant permission to appeal. See Tex. R. App. P. 25.2(b)(3).(6) 
We, therefore, conclude this Court lacks jurisdiction to consider this
appeal.

 We DISMISS this appeal for want of jurisdiction.



 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this 

the 8th day of June, 2000.


1. Tex. Health & Safety Code Ann. § 481.115 (Vernon Supp. 2000).
2. On December 15, 1998, the State filed an amended motion to revoke and
adjudicate guilt, but at the hearing on January 11, 1999, it elected to proceed with
the original motion.
3. At the end of the hearing, the trial judge stated:


I'm not going to -- I'm going to overrule your Motion for
New Trial to the extent of your argument concerning the
double jeopardy filing and refiling of the Motion to Revoke.

 

I'm not going to rule on your ineffective assistance of
Counsel unless -- I will give you an opportunity, if you have
any cases, to furnish the Court with some cases or case
law on it. And after you have done that and given the State
an opportunity to respond, then I will rule on that, as well
as your motion for out-of-time appeal, which I'm holding in
abeyance until I make a final ruling on your Motion for New
Trial. 


There is no ruling in the record on appellant's motion for new trial and/or motion for
permission to appeal. When a motion for new trial is not timely ruled on by written
order, the motion will be deemed denied when the period for the court to rule expires. 
See Tex. R. App. P. 21.8.
4. In Manuel, the court of criminal appeals, in its discussion of the deferred
adjudication statute, reiterates that "if a defendant is dissatisfied with the decision to
defer adjudication with the terms and conditions of the order, his proper remedy is to
move for final adjudication as provided in Art. 42.12, Sec. [5(a)]. After adjudication
of guilt, a defendant's normal appellate remedies are available to him." Manuel v.
State, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999) (quoting McDougal v. State, 610
S.W.2d 509, 509 (Tex. Crim. App. 1981)); see Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(a) (Vernon Supp. 2000).
5. At the hearing on the motion for new trial, appellant testified that when she
pleaded guilty, she did not do so voluntarily. If appellant had appealed from the trial
court's original order placing her on deferred adjudication community supervision, and
sufficiently argued a voluntariness issue, we would have had jurisdiction to consider
her appeal, even though she filed a general notice of appeal. See Flowers v. State,
935 S.W.2d 131 (Tex. Crim. App. 1996); Manuel v. State, 994 S.W.2d 658 (Tex. Crim.
App. 1999).
6. Texas Rule of Appellate Procedure 25.2(b)(3) provides that, when appealing
from a guilty plea where punishment does not exceed the plea agreement, the
defendant's notice of appeal must:


 (A) specify that the appeal is for a jurisdictional defect;

 

 (B) specify that the substance of the appeal was raised by written
motion and ruled on before trial; or

 

 (C) state that the trial court granted permission to appeal.


Tex. R. App. P. 25.2(b)(3).