NUMBER 13-05-369-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

 

PERRY STEWART SNIDER,                                                 Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

On appeal from the 24th District
Court of Goliad County, Texas.

 

MEMORANDUM OPINION

 

                     Before
Justices Hinojosa, Rodriguez, and Garza

                            Memorandum
Opinion by Justice Garza

 








Appellant, Perry Stewart Snider, was charged by
indictment of indecency with a child. 
Appellant originally entered a plea of Anot
guilty.@  The next
day, pursuant to a plea bargain, appellant changed his plea and entered a plea
of Aguilty.@  The trial
court deferred a finding of guilt and placed appellant on the recommended ten
years= community supervision.  On December 10, 2003, the State filed a
Motion to Adjudicate Guilt & Petition for Revocation of Probated
Sentence.  A hearing on the motion was
held on February 22, 2005, at which time the trial court adjudicated appellant=s guilt and sentenced him to ten years= confinement. 
With the permission of the trial court, appellant appeals his conviction
by three issues contending that: the State failed to disclose evidence
favorable to appellant at trial and as a result of this failure, appellant=s plea of guilty was not voluntarily, knowingly, or
intelligently entered. 

I. Jurisdiction

Because appellant was placed on deferred
adjudication for the original offense, we must consider the threshold issue of
whether this Court has jurisdiction to consider this appeal.  A defendant placed on deferred adjudication
may raise issues relating to the original plea proceedings, such as evidentiary
sufficiency, only in appeals taken when deferred adjudication community
supervision is first imposed.  See
Manuel v. State, 994 S.W.2d 658, 661‑62 (Tex. Crim. App. 1999); see
also Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001)
(stating that even when a defendant has pled guilty pursuant to a plea bargain
and received deferred adjudication, there is a limited right of appeal after
adjudication of guilt where the issue raised on appeal is unrelated to the
conviction).[1]









We note that because appellant=s complaints arise from his original plea proceeding
in 1995, rather than from proceedings associated with the revocation of his
community supervision in 2005, he was required to raise the complaints in an
appeal from the trial court=s order placing him on deferred adjudication.  See Manuel, 994 S.W.2d at
660-62.  However, appellant did not file
a notice of appeal until June 22, 2005, following the court=s revocation of his community supervision.  Appellant=s
failure to file a timely notice of appeal from the trial court=s order in accordance with rule 26.2(a) deprives us
of jurisdiction over his appeal.  Tex. R. App. P. 26.2(a).[2]  Therefore, we dismiss appellant=s appeal for want of jurisdiction.

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 29th day of June, 2006.

 

 











[1] In Manuel, the court of
criminal appeals, in its discussion of the deferred adjudication statute,
reiterates that "if a defendant is dissatisfied with the decision to defer
adjudication with the terms and conditions of the order, his proper remedy is
to move for final adjudication as provided in Art. 42.12, Sec. [5(a)].  After adjudication of guilt, a defendant's
normal appellate remedies are available to him."  Manuel v. State, 994 S.W.2d 658, 661
(Tex. Crim. App. 1999) (citing McDougal v. State, 610 S.W.2d 509, 509
(Tex. Crim. App. 1981)); see Tex.
Code. Crim. Proc. Ann. art. 42.12, ' 5(a) (Vernon Supp. 2005).





[2] We note that although, pursuant to
rule 25.2(a)(2), the trial court granted appellant permission to appeal, the
trial court=s ability to do so does not give
this Court jurisdiction to consider untimely appeals.  See Tex.
R. App. P. 25.2(a)(2), 25.2(b) (appeal is perfected by timely filing
a sufficient notice of appeal) (emphasis added), 26.2(a).