In re STATE of Texas ex rel.
Steven C. HILBIG.

Guadalupe Velarde, Defendant and
Real Party in Interest.

Donald Morse, Defendant and
Real Party in Interest.

Joe Epifanio Hernandez, Defendant
and Real Party in Interest.

Jesusita Sanchez, Defendant and
Real Party in Interest.

Arthur Ocampo, Defendant and
Real Party in Interest.

Juan Martinez, Defendant and
Real Party in Interest.

Jose Diaz Thomas, Defendant and
Real Party in Interest.

Nos. 04–98–00797–CV to 04–98–00803–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 16, 1998.

**190**

Margaret M. Fent, Assistant Criminal District Attorney, San Antonio, for Appellant.

Karen Amos, Mark Stevens, Brock Huffman, Law Office of Brock Huffman, Rolando Garcia, Brian C. Kimbrough, Jose M. Guerrero, Law Offices of Jose M. Guerrero, Joel Perez, Law Office of Joel Perez, Rudy Taylor Monsalvo, Rudy Taylor Monsalvo, Rudy Taylor Monsalva, P.C., San Antonio, for Appellee.

Before ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

## OPINION

PAUL W. GREEN, Justice.

The defendants and real parties in interest were convicted of driving while intoxicated (DWI), at the felony level, and were sentenced to regular probation. After the defendants completed a portion of their probation, the respondent terminated their sentences, set aside the judgments, and dismissed the indictments. Several months later, the State filed petitions for writs of

mandamus and prohibition, asserting the respondent had no authority to terminate the probationary periods under section 20, article 42.12 of the Code of Criminal Procedure. We agree with the State and grant its petition for writ of prohibition. However, because the State delayed in seeking extraordinary relief, we deny its petition for writ of mandamus.

## Standard of Review

The writs of mandamus and prohibition are extraordinary remedies. *State ex rel. Holmes v. Court of Appeals for the Third Dist.*, 885 S.W.2d 389, 408 (Tex.Crim.App. 1994). To obtain extraordinary relief in a criminal matter, the relator must meet a two-pronged test. *Horner v. Reed*, 756 S.W.2d 34, 36 (Tex.App.–San Antonio 1988, orig.proceeding). First, the relator must show it has no adequate remedy at law, which is generally considered a right of appeal. *See id.* Second, the relator must show the trial court's action is ministerial rather than discretionary. *Id.* An act is ministerial if it is clearly compelled by the facts and any applicable legal authority. See *State ex rel. Hilbig v. McDonald*, 877 S.W.2d 469, 470 (Tex.App.–San Antonio 1994, orig.proceeding).

## Adequate Remedy

The respondent contends his orders are appealable.[1] In contrast, the State asserts it has no *adequate* remedy by appeal. Specifically, the State alleges it could not comply with the applicable appellate deadlines because it did not receive notice of the trial court's orders.

Although the termination orders were "recommended" by a probation officer and "approved" by the county probation department, they fail to indicate whether the State, through the district attorney, had notice or appeared before the court. *See State v. Brabson*, 976 S.W.2d 182, 184 (Tex.Crim.App. 1998) (concluding the Texas Department of Public Safety was not the same party as the district attorney for purposes of collateral estoppel). Finally, neither the respondent

1. This argument is also advanced by Guadalupe Velarde and Donald Morse, two of the defendants and real parties in interest.

nor the defendants dispute the State's contention that it lacked notice of the termination orders. Given this background, we agree the State has no adequate remedy by appeal in the cases before us.[2] *See Smith v. Flack,* 728 S.W.2d 784, 792 (Tex.Crim.App. 1987).

## Ministerial Action

The State maintains section 20, article 42.12 of the Code of Criminal Procedure prohibits the respondent from terminating the probation of felony DWI defendants. We agree.

Section 20 of article 42.12 gives the trial court discretion to reduce or terminate regular probation, except in cases involving DWI, flying while intoxicated, boating while intoxicated, intoxication assault, and intoxication manslaughter:

> (a) At any time, after the defendant has satisfactorily completed one-third of the original community supervision period or two years of community supervision, whichever is less, the period of community supervision may be reduced or terminated by the judge. . . .
>
> (b) *This section does not apply to a defendant convicted of an offense under Sections 49.04–49.08, Penal Code, or a defendant convicted of an offense punishable as a state jail felony.*

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 20 (Vernon Supp.1998) (emphasis added); *see also* TEX. PENAL CODE ANN. §§ 49.04–49.08 (Vernon 1994 & Supp.1998). Intoxication assault and intoxication manslaughter are felonies, while the remaining intoxication offenses are Class B misdemeanors unless otherwise classified by section 49.09, which elevates the offense level for repeat offenders. *Compare* TEX. PENAL CODE ANN. § 49.07(c), § 49.08(b), *with id.* § 49.04(b), § 49.05(b), § 49.06(b) (Vernon 1994).

■ According to the respondent, felony DWI is a conviction under section 49.09 of the Penal Code, rather than a conviction under section 49.04. He therefore concludes the restrictions of section 20 do not apply to felony DWI. We disagree.

■ Section 49.09 bears the title "Enhanced Offenses and Penalties." It specifically refers to section 49.04, that is, "Driving While Intoxicated." Consequently, section 49.09 is properly construed as an enhancement provision. *Rizo v. State,* 963 S.W.2d 137, 139 (Tex.App.—Eastland 1998, no pet.); *Mahaffey v. State,* 937 S.W.2d 51, 54 (Tex. App.—Houston [1st Dist.] 1996, no pet.); *see also Washington v. State,* 677 S.W.2d 524, 527 (Tex.Crim.App.1984) (describing habitual offender statute as enhancement provision, not a separate offense). To read the provision as the respondent urges would lead to the absurd result of treating felonies more favorably than misdemeanors. *Cf. Texas Dep't of Public Safety v. Tune,* 977 S.W.2d 650, 653 (Tex.App.—Fort Worth 1998, pet. dism'd w.o.j., reh'g filed) (discouraging interpretation that treats regular probation more favorably than deferred adjudication).[3]

■ The respondent also argues that section 20's limitations do not apply to felony DWI when one or both of the prior convictions underlying the enhancement occurred before the effective date of section 20.[4]

2. Because the respondent's orders terminating probation also set aside the judgments and indictments, they are appealable. TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(1–2) (Vernon Supp.1998) (permitting State to appeal an order that "dismisses an indictment" or "arrests or modifies a judgment"); *see also State v. Cuellar,* 815 S.W.2d 295, 298 (Tex.App.—Austin 1991, no pet.) (holding judgment was modified although subsequent order "did not by its express provisions alter the wording of the judgment itself"); *cf.* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 20 (Vernon Supp. 1998) (stating the trial court "may" terminate probation but "shall amend or modify the original sentence" and further stating the trial court

"may set aside the verdict" but "shall dismiss the accusation").

3. Morse argues that section 20's limitations do not apply to him because he was convicted under article 6701*l* of the Texas Revised Civil Statutes. Whether the defendants were convicted under the Penal Code or the prior statutes is irrelevant according to section 20's enabling legislation. Act of June 19, 1993, 73rd Leg., R.S., ch. 899, § 4.03, 1993 Tex. Gen. Laws 3586, 3743.

4. The felony convictions in these seven proceedings occurred after the effective date of section 20, but six of the convictions are based on prior

While a prior conviction may be an element of an offense, the exact date of the prior conviction is not an element. *See State v. Mason,* 980 S.W.2d 635, 640 (Tex.Crim.App. 1998). In other words, a defendant's status as a repeat offender is the element to be proved. *Id.* Accordingly, the respondent's argument lacks merit.

■ While we agree with the State the respondent acted outside the scope of section 20, we also note the State waited an average of fifteen months to complain about the respondent's rulings.[5] Presumably, the problems of notice contributed to the delay, but the State offered no direct explanation for the passage of time. Under these circumstances, the State has not shown a diligent pursuit of its complaint. Because mandamus is designed to aid "the diligent and not those who slumber on their rights," the State has not shown why it is entitled to mandamus relief. *See Rivercenter Assoc. v. Rivera,* 858 S.W.2d 366, 367–68 (Tex.1993) (citing *Callahan v. Giles,* 137 Tex. 571, 576, 155 S.W.2d 793, 795 (1941)).

## Conclusion

The State has no adequate remedy by appeal, and the trial court had no discretion to terminate the probationary periods in these seven proceedings. However, because the State delayed in seeking relief, we deny its petition for writ of mandamus. Instead, we grant the State's petition for writ of prohibition.

DWI convictions that occurred before the effective date of section 20.

**5.** Diligence was specifically raised by Velarde, but may also be raised by this court sua sponte.

*See Bailey v. Baker,* 696 S.W.2d 255, 256 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding).