In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-322 CR


____________________



DANIEL GORDON TRAVIS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B-990386-R






O P I N I O N


 A jury convicted Daniel Gordon Travis of boating while intoxicated (BWI),
sentenced him to ten years' confinement, probated for ten years, and fined him $10,000. 
Travis appeals raising three points of error.

 In his first point, Travis claims the trial court erred in failing to grant his motion
to quash the indictment in that it failed to state a felony offense. Travis was charged with
a third degree felony under Tex. Pen. Code Ann. § 49.09(b) (Vernon Supp. 2001). His
two prior convictions for driving while intoxicated (DWI) occurred before September 1,
1994. Travis asserts that prior convictions, being essential elements of felony BWI, cannot
be used to elevate a misdemeanor BWI under article 49.06 to a felony if the prior
convictions took place before 1994, when 49.06 went into effect. Tex. Pen. Code Ann.
§ 49.06 (Vernon 1994).

 Similar arguments have been rejected by the Court of Criminal Appeals and other
Courts of Appeal. In State v. Mason, 980 S.W.2d 635, 636 (Tex. Crim. App. 1998),
appellee was charged with unlawful possession of a firearm by a felon. The date of the
prior felony conviction preceded the September 1, 1994 effective date of the statute under
which appellee was charged. Id. at 637. Appellee argued that therefore "the State had to
prove the date of the prior felony conviction causing that conviction to be an element of
the offense essential to the crime charged." Id. After reviewing the legislative history,
the Court determined the Legislature meant for all felons to be prohibited from carrying
firearms, not just the felons who were convicted after September 1, 1994. Id. at 639-40. 
The Mason Court found it was the defendant's status as a felon that was an element of the
offense, not the date of the prior conviction and concluded the trial court erred in quashing
the indictment. Id. at 641.

 In re State ex rel. Hilbig, 985 S.W.2d 189 (Tex. App.--San Antonio 1998, no pet.),
is also instructive. In Hilbig, respondent argued when one or both of the prior convictions
underlying the enhancement occurred before the effective date of article 42.12 § 20,
section 20's limitations do not apply to felony DWI. Hilbig, 985 SW.2d at 191. The
Court stated, "[w]hile a prior conviction may be an element of an offense, the exact date
of the prior conviction is not an element. See State v. Mason, 980 S.W.2d 635, 640 (Tex.
Crim.App.1998). In other words, a defendant's status as a repeat offender is the element
to be proved." Id. at 192. Similarly, in Vanderhorst v. State, 52 S.W.3d 237 (Tex. App.--Eastland 2001, no pet.), appellant argued the trial court erred in finding the second and
third enhancement paragraphs true because his 1990 felony conviction did not occur prior
in time to one of the elements in his 1992 felony DWI conviction. Vanderhorst, 52
S.W.3d at 242. The "element" in question was the two prior DWI convictions established
for his 1992 conviction. The court held "[w]hile the prior two convictions . . . were a
jurisdictional element of appellant's 1992 felony DWI conviction, the exact dates of those
prior convictions were not elements of the 1992 felony conviction." Id. 

 In accordance with these authorities, we find the trial court did not err in denying
Travis's motion to quash. Point of error one is overruled.

 Points of error two and three contend the trial court erred in denying Travis's
motion to suppress on the grounds the initial detention was illegal under both the Texas
Constitution and the Constitution of the United States, respectively. The Court of Criminal
Appeals determined section 31.124 of the Texas Parks and Wildlife Code does not violate
the Fourth Amendment of the United States Constitution in Schenekl v. State, 30 S.W.3d
412, 416 (Tex. Crim. App. 2000). As Travis's brief fails to cite Schenekl, we are not
presented with an argument against its application in this case. Point of error three is
overruled.

 Although Travis asserts the Texas Constitution provides greater protection than that
of the United States, he fails to articulate separate arguments under the Texas Constitution.
Consequently, we do not address them. See Shavers v. State, 985 S.W.2d 284, 286, n.1
(Tex. App.--Beaumont 1999, pet. ref'd) (citing Colburn v. State, 966 S.W.2d 511, 517 n.
5 (Tex. Crim. App. 1998); and Riddle v. State, 888 S.W.2d 1, 7-8 (Tex. Crim. App.
1994)). Point of error two is overruled.

 The judgment of the trial court is AFFIRMED.

 PER CURIAM


Submitted on November 19, 2001 

Opinion Delivered November 28, 2001

Do not publish 


Before Walker, C.J., Burgess, and Gaultney, JJ.