In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-121 CR


____________________



THE STATE OF TEXAS, Appellant



V.



MARK HAMILTON MORGAN, Appellee






On Appeal from the County Court at Law No. 2


Montgomery County, Texas


Trial Cause No. 02-179584






OPINION


 An information charged appellee with having committed the offense of misdemeanor
Driving While Intoxicated (DWI). The information included one additional paragraph
alleging a prior final conviction for DWI on or about May 8, 1993, from Montgomery
County, Texas. The State filed a pretrial motion requesting a ruling from the trial court
as to whether it would instruct the jury on a Class A punishment range should appellee be
found guilty of the instant offense. It appears the State's position was that it was
prosecuting appellee under Tex. Pen. Code Ann. § 49.04(b) (Vernon 2003), as a Class
B misdemeanor. (1) The State further argued that upon conviction, under § 49.09(a), (2) the
State was entitled to read the paragraph alleging the single prior DWI conviction, and
receive from the trial court a jury instruction on a Class A range of punishment. (3)
 The trial
court's position in similar cases was that the State charged a Class B misdemeanor DWI,
with a punishment enhancement paragraph, therefore any enhancement of appellee's
punishment would be under Tex. Pen. Code Ann. §12.43(b) (Vernon 2003). (4) After
considering the State's motion, the trial court ruled that it would not instruct the jury on
a Class A punishment range if appellee was found guilty, even if the jury were to find the
"enhancement paragraph" true. Because the trial court's ruling effectively terminated the
prosecution for an "enhanced" offense under Tex. Pen. Code Ann. § 49.09 (Vernon
2003), we have jurisdiction. (5) 

 The resolution of this issue has two sources. The first is set-out by the Court of
Criminal Appeals in its analysis of Tex. Pen. Code Ann. §§ 49.04 & 49.09 (Vernon
2003), as discussed below. The second lies with the fact that the legislature has expressly
made a distinction between "enhancement" of offenses under § 49.09(a) or (b), and
"enhancement under Subchapter D, Chapter 12." See Tex. Pen. Code Ann. § 49.09(g)
(Vernon 2003). (6) See also State v. Webb, 12 S.W.3d 808, 811 n. 2 (Tex. Crim. App.
2000).

 In Weaver v. State, 87 S.W.3d 557 (Tex. Crim. App. 2002), cert. denied, ___ U.S.
___, 123 S.Ct. 1491, 155 L.Ed.2d 234, 71 U.S.L.W. 3577 (2003), the issue was whether
an "intervening conviction" is an essential element of felony DWI where the State's only
intoxication-related convictions alleged in the indictment were more than ten years older
than the instant offense. Id. at 558. See also Tex. Pen. Code Ann. § 49.09(e) (Vernon
2003). The Court ultimately held that an "intervening intoxication-related conviction," as
described under § 49.09(e), is not an element of the offense of felony DWI and, therefore,
proof beyond a reasonable doubt of said intervening conviction does not have to be
presented to the jury. Id. at 561.

 To further resolve the issue before us, we set out the analysis conducted by the
Weaver Court in reaching its ultimate holding, viz:

 Texas Penal Code §§ 49.04 and 49.09(b) together define the offense
of felony driving while intoxicated. In Gibson v. State, 995 S.W.2d 693,
696 (Tex. Crim. App. 1999), we explained:


 The [two] prior intoxication-related offenses [referred to in §
49.09(b)], whether they are felonies or misdemeanors, serve
the purpose of establishing whether the instant offense qualifies
as felony driving while intoxicated. The prior intoxication-related offenses are elements of the offense of [felony] driving
while intoxicated. They define the offense as a felony and are
admitted into evidence as part of the State's proof of its case-in-chief during the guilt/innocence stage of the trial. 


 In other words, under our penal statutes, two (or more) prior intoxication-related offenses are specific attendant circumstances that serve to define, in
part, the forbidden conduct of the crime of felony driving while intoxicated.
. . . Thus, if a person, such as appellant, commits DWI with the requisite
attendant circumstances (i.e., two or more prior intoxication-related
offenses), then that person has committed felony DWI. 


Weaver, 87 S.W.3d at 560 (emphasis in original) (footnotes omitted).

 With regard to "specific attendant circumstances" of the offense of DWI, we see
no reason to make any distinction between felony or misdemeanor charging law. In other
words, we believe the language just quoted from both Weaver and Gibson is as applicable
to prosecutions for "enhanced offense" misdemeanor DWI as it is for "enhanced offense"
felony DWI. Therefore, we hold that in order to prosecute a misdemeanor DWI defendant
as a Class A "enhanced offense" offender, the State must properly allege the one
intoxication-related prior conviction as an element of the offense, and prove the said prior
conviction in its case-in-chief beyond a reasonable doubt. In short, the one intoxication-related prior conviction is an element of the "enhanced offense" of DWI - Class A. See
§ 49.09(a). 

 We have examined the State's supplemental brief and have read In re State ex rel.
Hilbig, 985 S.W.2d 189 (Tex. App.--San Antonio 1989)(orig. proceeding). We do not
find Hilbig sufficiently on point with regard to the issue before us. Furthermore, the
Hilbig Court appears to have recognized, arguably, that a prior conviction "may be an
element of an offense," and that "a defendant's status as a repeat offender is the element
to be proved." Id. at 192. Hilbig provides no sanctuary for the State's position. We find
no error by the trial court in its ruling of February 18, 2003. The State's appellate issue
is overruled. We remand the cause to the trial court for further proceedings consistent
with this opinion. 

 AFFIRMED. 


 ____________________________

 STEVE MCKEITHEN

 Chief Justice 



Submitted on April 23, 2003

Opinion Delivered June 4, 2003

Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.


DISSENTING OPINION


I respectfully dissent. The majority avers "[t]he resolution of this issue has two 

sources." I agree, in the general sense, these sources are the Court of Criminal Appeals
and the Legislature. I disagree as to the specific sources relied upon by the majority. I
believe the majority misapplies Weaver v. State, 87 S.W.3d 557 (Tex. Crim. App. 2002),
cert. denied, ___ U.S. ___, 123 S.Ct. 1491, 155 L.Ed.2d 234 (2003), when they conclude
". . . we see no reason to make any distinction between felony or misdemeanor charging
law. In other words, we believe the language just quoted from Weaver and Gibson is as
applicable to prosecutions for 'enhanced offense' misdemeanor DWI as it is for 'enhanced
offense' felony DWI."

 The question in Weaver was whether an intervening intoxication-related conviction
under Tex. Pen. Code Ann. § 49.09(e) (Vernon 2003) was an element of the offense of
felony DWI. In deciding it was not, the Court stated:

 In Gibson v. State, 995 S.W.2d 693, 696 (Tex.Crim.App.1999), we
explained:


 The [two] prior intoxication-related offenses [referred to in §
49.09(b)], whether they are felonies or misdemeanors, serve
the purpose of establishing whether the instant offense qualifies
as felony driving while intoxicated. The prior
intoxication-related offenses are elements of the offense of
[felony] driving while intoxicated. They define the offense as
a felony and are admitted into evidence as part of the State's
proof of its case-in-chief during the guilt/innocence stage of
the trial.


Weaver, 87 S.W.3d at 560.


 It is noteworthy that the Weaver Court adds the parenthetical "felony" into the quote
from the Gibson Court. This accents a distinction between felony and misdemeanor DWI
analysis. Robles v. State, 85 S.W.3d 211, 213 (Tex. Crim. App. 2002), also
acknowledged that "[p]roof of the convictions is necessary in that the prior convictions are
elements of felony DWI." Likewise Tamez v. State, 11 S.W.3d 198, 201 (Tex. Crim.
App. 2000), notes the prior offenses are required for jurisdictional purposes.

 The issue before this court is whether the enhancement procedure is under Tex.
Pen. Code Ann. § 12.43 (b) (7), as determined by the trial court through a pre-trial order,
or under Tex. Pen. Code Ann. § 49.04 (b) (8) and Tex. Pen. Code Ann. § 49.09(a) (9), as
urged by the State. The answer is found in Tex. Pen. Code Ann. § 12.43 (d) (Vernon
2003):

 If the punishment scheme for an offense contains a specific
enhancement provision increasing punishment for a defendant who has
previously been convicted of the offense, the specific enhancement provision
controls over this section.


 Prior to the intoxication and alcoholic beverage offenses being moved to the Penal
Code, the Court of Criminal Appeals discussed a similar issue under the old statutory
scheme. In Wilson v. State, 772 S.W.2d 118, 123 (Tex. Crim. App. 1989), the Court
stated:

 Consistent with the adoption of the language identifying offenses ("a
person commits an offense") the DWI statute also adopts the language of the
Penal Code identifying enhanced punishments ("If it be shown on the trial"). 
For example, the provisions authorizing enhanced punishment for repeat
offenders in art. 6701-l (d) and (e), supra are each prefaced with "If it is
shown on the trial...." As previously noted, this is virtually the same
language employed to introduce the availability of enhanced punishment in
the Penal Code.


See also Love v. State, 833 S.W.2d 264, 265-66 (Tex. App.--Austin 1992, pet. ref'd).


 The Court's pre-trial order should be reversed and the cause remanded for trial. (10) 
Because the majority affirms, I respectfully dissent. 





 DON BURGESS

 Justice


Dissent Delivered

June 4, 2003

Publish













1. § 49.04. Driving While Intoxicated

 (b) Except as provided by Subsection (c) and § 49.09, an offense under this section
is a Class B misdemeanor, with a minimum term of confinement of 72 hours. 
2. § 49.09. Enhanced Offenses and Penalties

 (a) Except as provided by Subsection (b), an offense under Section 49.04, 49.05,
49.06, or 49.065 is a Class A misdemeanor, with a minimum term of confinement of 30
days, if it is shown on the trial of the offense that the person has previously been convicted
one time of an offense relating to the operating of a motor vehicle while intoxicated, an
offense of operating an aircraft while intoxicated, an offense of operating a watercraft
while intoxicated, or an offense of operating or assembling an amusement ride while
intoxicated. 

Tex. Pen. Code Ann. § 49.09(a) (Vernon 2003).
3. § 12.21. Class A Misdemeanor

 An individual adjudged guilty of a Class A misdemeanor shall be punished by:

 (1) a fine not to exceed $4,000;

 (2) confinement in jail for a term not to exceed one year; or 

 (3) both such fine and confinement. 

4. § 12.43. Penalties for Repeat and Habitual Misdemeanor Offenders

 (b) If it is shown on the trial of a Class B misdemeanor that the defendant has been
before convicted of a Class A or Class B misdemeanor or any degree of felony, on
conviction he shall be punished by:

 (1) a fine not to exceed $2,000;

 (2) confinement in jail for any term of not more than 180 days or less than
30 days; or

 (3) both such fine and confinement.
5. Appellee did not file an appellate brief. A "trial court 'effectively terminates' the
prosecution against the accused whenever the effect of its order forces any alteration of the
indictment or information before the trial on the merits and the State is not willing to
comply with that order. The fact that the State has appealed the decision of the trial court
should be sufficient indication to the Court of Appeals that the State is unwilling to alter
the indictment or information and that for all practical purposes, the prosecution in the trial
court has 'terminated.'" State v. Moreno, 807 S.W.2d 327, 334 (Tex. Crim. App. 1991).

 
6. Section 49.09(g) reads: "A conviction may be used for purposes of enhancement
under this section or enhancement under Subchapter D, Chapter 12, but not under both this
section and Subchapter D. (footnote omitted)
7. § 12.43. Penalties for Repeat and Habitual Misdemeanor Offenders 

 (b) If it is shown on the trial of a Class B misdemeanor that the defendant has been
before convicted of a Class A or Class B misdemeanor or any degree of felony, on
conviction he shall be punished by:

 (1) a fine not to exceed $2,000;

 (2) confinement in jail for any term of not more than 180 days or less than 30 days; 
or

 (3) both such fine and confinement.

Tex. Pen. Code Ann. § 12.43(b) (Vernon 2003).
8. § 49.04. Driving While Intoxicated 

 (b) Except as provided by Subsection (c) and § 49.09, an offense under this section
is a Class B misdemeanor, with a minimum term of confinement of 72 hours.

Tex. Pen. Code Ann. § 49.04 (b) (Vernon 2003).
9. § 49.09. Enhanced Offenses and Penalties

 (a) Except as provided by Subsection (b), an offense under Section 49.04, 49.05,
49.06, or 49.065 is a Class A misdemeanor, with a minimum term of confinement of 30
days, if it is shown on the trial of the offense that the person has previously been convicted
one time of an offense relating to the operating of a motor vehicle while intoxicated, an
offense of operating an aircraft while intoxicated, an offense of operating a watercraft
while intoxicated, or an offense of operating or assembling an amusement ride while
intoxicated.

Tex. Pen. Code Ann. § 49.09 (a) (Vernon 2003)
10. In all likelihood, the State will prosecute under the majority's analysis. If
convicted, Morgan will allege it was error to include the prior offenses in the guilt-innocence stage and then the Court of Criminal Appeals may review the matter.