The STATE of Texas, Appellant,

v.

Mark Hamilton MORGAN, Appellee.

No. 09–03–121 CR.

Court of Appeals of Texas,
Beaumont.

Submitted April 23, 2003.

Decided June 4, 2003.

Discretionary Review Granted
Sept. 10, 2003.

Michael McDougal, Dist. Atty., Gail McConnell, Asst. Dist. Atty., Conroe, for appellant.

D. Craig Hughes, Houston, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

An information charged appellee with having committed the offense of misdemeanor Driving While Intoxicated (DWI). The information included one additional paragraph alleging a prior final conviction for DWI on or about May 8,

1993, from Montgomery County, Texas. The State filed a pretrial motion requesting a ruling from the trial court as to whether it would instruct the jury on a Class A punishment range should appellee be found guilty of the instant offense. It appears the State's position was that it was prosecuting appellee under TEX. PEN. CODE ANN. § 49.04(b) (Vernon 2003), as a Class B misdemeanor.[1] The State further argued that upon conviction, under § 49.09(a),[2] the State was entitled to read the paragraph alleging the single prior DWI conviction, and receive from the trial court a jury instruction on a Class A range of punishment.[3] The trial court's position in similar cases was that the State charged a Class B misdemeanor DWI, with a punishment enhancement paragraph, therefore any enhancement of appellee's punishment would be under TEX. PEN.CODE ANN. § 12.43(b) (Vernon 2003).[4] After consider-

ing the State's motion, the trial court ruled that it would not instruct the jury on a Class A punishment range if appellee was found guilty, even if the jury were to find the "enhancement paragraph" true. Because the trial court's ruling effectively terminated the prosecution for an "enhanced" offense under TEX. PEN.CODE ANN. § 49.09 (Vernon 2003), we have jurisdiction.[5]

The resolution of this issue has two sources. The first is set-out by the Court of Criminal Appeals in its analysis of TEX. PEN.CODE ANN. §§ 49.04 & 49.09 (Vernon 2003), as discussed below. The second lies with the fact that the legislature has expressly made a distinction between "enhancement" of offenses under § 49.09(a) or (b), and "enhancement under Subchapter D, Chapter 12." See TEX. PEN.CODE ANN. § 49.09(g) (Vernon 2003).[6] See also State

**1. § 49.04. Driving While Intoxicated**

(b) Except as provided by Subsection (c) and § 49.09, an offense under this section is a Class B misdemeanor, with a minimum term of confinement of 72 hours.

**2. § 49.09. Enhanced Offenses and Penalties**

(a) Except as provided by Subsection (b), an offense under Section 49.04, 49.05, 49.06, or 49.065 is a Class A misdemeanor, with a minimum term of confinement of 30 days, if it is shown on the trial of the offense that the person has previously been convicted one time of an offense relating to the operating of a motor vehicle while intoxicated, an offense of operating an aircraft while intoxicated, an offense of operating a watercraft while intoxicated, or an offense of operating or assembling an amusement ride while intoxicated. TEX. PEN.CODE ANN. § 49.09(a) (Vernon 2003).

**3. § 12.21. Class A Misdemeanor**

An individual adjudged guilty of a Class A misdemeanor shall be punished by:
(1) a fine not to exceed $4,000;
(2) confinement in jail for a term not to exceed one year; or
(3) both such fine and confinement.

**4. § 12.43. Penalties for Repeat and Habitual Misdemeanor Offenders**

(b) If it is shown on the trial of a Class B misdemeanor that the defendant has been before convicted of a Class A or Class B misdemeanor or any degree of felony, on conviction he shall be punished by:
(1) a fine not to exceed $2,000;
(2) confinement in jail for any term of not more than 180 days or less than 30 days; or
(3) both such fine and confinement.

5. Appellee did not file an appellate brief. A "trial court 'effectively terminates' the prosecution against the accused whenever the effect of its order forces any alteration of the indictment or information before the trial on the merits and the State is not willing to comply with that order. The fact that the State has appealed the decision of the trial court should be sufficient indication to the Court of Appeals that the State is unwilling to alter the indictment or information and that for all practical purposes, the prosecution in the trial court has 'terminated.'" State v. Moreno, 807 S.W.2d 327, 334 (Tex.Crim.App. 1991).

6. Section 49.09(g) reads: "A conviction may be used for purposes of enhancement under this section or enhancement under Subchap-

*v. Webb*, 12 S.W.3d 808, 811 n. 2 (Tex. Crim.App.2000).

In *Weaver v. State*, 87 S.W.3d 557 (Tex. Crim.App.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 1491, 155 L.Ed.2d 234, 71 U.S.L.W. 3577 (2003), the issue was whether an "intervening conviction" is an essential element of felony DWI where the State's only intoxication-related convictions alleged in the indictment were more than ten years older than the instant offense. *Id.* at 558. *See also* TEX. PEN.CODE ANN. § 49.09(e) (Vernon 2003). The Court ultimately held that an "intervening intoxication-related conviction," as described under § 49.09(e), is not an element of the offense of felony DWI and, therefore, proof beyond a reasonable doubt of said intervening conviction does not have to be presented to the jury. *Id.* at 561.

To further resolve the issue before us, we set out the analysis conducted by the *Weaver* Court in reaching its ultimate holding, *viz:*

> Texas Penal Code §§ 49.04 and 49.09(b) together define the offense of felony driving while intoxicated. In *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim.App.1999), we explained:

> The [two] prior intoxication-related offenses [referred to in § 49.09(b)], whether they are felonies or misdemeanors, serve the purpose of establishing whether the instant offense qualifies as felony driving while intoxicated. The prior intoxication-related offenses are elements of the offense of [felony] driving while intoxicated. They define the offense as a felony and are admitted into evidence as part of the State's proof of its case-in-chief during the guilt/innocence stage of the trial.

ter D, Chapter 12, but not under both this section and Subchapter D." (footnote omitted)

In other words, under our penal statutes, two (or more) prior intoxication-related offenses are *specific attendant circumstances* that serve to define, in part, the forbidden conduct of the crime of felony driving while intoxicated.... Thus, if a person, such as appellant, commits DWI with the requisite attendant circumstances (i.e., two or more prior intoxication-related offenses), then that person has committed felony DWI.

*Weaver*, 87 S.W.3d at 560 (emphasis in original) (footnotes omitted).

■ With regard to "specific attendant circumstances" of the offense of DWI, we see no reason to make any distinction between felony or misdemeanor charging law. In other words, we believe the language just quoted from both *Weaver* and *Gibson* is as applicable to prosecutions for "enhanced offense" misdemeanor DWI as it is for "enhanced offense" felony DWI. Therefore, we hold that in order to prosecute a misdemeanor DWI defendant as a Class A "enhanced offense" offender, the State must properly allege the one intoxication-related prior conviction *as an element of the offense,* and prove the said prior conviction in its case-in-chief beyond a reasonable doubt. In short, the one intoxication-related prior conviction is an element of the "enhanced offense" of DWI—Class A. *See* § 49.09(a).

We have examined the State's supplemental brief and have read *In re State ex rel. Hilbig*, 985 S.W.2d 189 (Tex.App.-San Antonio 1998) (orig. proceeding). We do not find *Hilbig* sufficiently on point with regard to the issue before us. Furthermore, the *Hilbig* Court appears to have recognized, arguably, that a prior conviction "may be an element of an offense,"

and that "a defendant's status as a repeat offender is the element to be proved." *Id.* at 192. *Hilbig* provides no sanctuary for the State's position. We find no error by the trial court in its ruling of February 18, 2003. The State's appellate issue is overruled. We remand the cause to the trial court for further proceedings consistent with this opinion.

AFFIRMED.

DON BURGESS, Justice, filed a dissenting opinion.

DON BURGESS, Justice, dissenting.

I respectfully dissent. The majority avers "[t]he resolution of this issue has two sources." I agree, in the general sense, these sources are the Court of Criminal Appeals and the Legislature. I disagree as to the specific sources relied upon by the majority. I believe the majority misapplies *Weaver v. State*, 87 S.W.3d 557 (Tex.Crim.App.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 1491, 155 L.Ed.2d 234 (2003), when they conclude ". . . we see no reason to make any distinction between felony or misdemeanor charging law. In other words, we believe the language just quoted from *Weaver* and *Gibson* is as applicable to prosecutions for 'enhanced offense' misdemeanor DWI as it is for 'enhanced offense' felony DWI."

The question in *Weaver* was whether an intervening intoxication-related conviction under TEX. PEN.CODE ANN. § 49.09(e) (Vernon 2003) was an element of the offense of felony DWI. In deciding it was not, the Court stated:

> In *Gibson v. State*, 995 S.W.2d 693, 696 (Tex.Crim.App.1999), we explained:
>> The [two] prior intoxication-related offenses [referred to in § 49.09(b)], whether they are felonies or misdemeanors, serve the purpose of establishing whether the instant offense qualifies as felony driving while intoxicated. The prior intoxication-related offenses are elements of the offense of [felony] driving while intoxicated. They define the offense as a felony and are admitted into evidence as part of the State's proof of its case-in-chief during the guilt/innocence stage of the trial.

*Weaver*, 87 S.W.3d at 560.

It is noteworthy that the *Weaver* Court adds the parenthetical "felony" into the quote from the *Gibson* Court. This accents a distinction between felony and misdemeanor DWI analysis. *Robles v. State*, 85 S.W.3d 211, 213 (Tex.Crim.App.2002), also acknowledged that "[p]roof of the convictions is necessary in that the prior convictions are elements of felony DWI." Likewise *Tamez v. State*, 11 S.W.3d 198, 201 (Tex.Crim.App.2000), notes the prior offenses are required for jurisdictional purposes.

The issue before this court is whether the enhancement procedure is under TEX. PEN.CODE ANN. § 12.43(b)[1], as determined by the trial court through a pre-trial order, or under TEX. PEN.CODE ANN. § 49.04(b)[2]

---

1. **§ 12.43. Penalties for Repeat and Habitual Misdemeanor Offenders**

    (b) If it is shown on the trial of a Class B misdemeanor that the defendant has been before convicted of a Class A or Class B misdemeanor or any degree of felony, on conviction he shall be punished by:

    (1) a fine not to exceed $2,000;

    (2) confinement in jail for any term of not more than 180 days or less than 30 days; or

    (3) both such fine and confinement.
    TEX. PEN.CODE ANN. § 12.43(b) (Vernon 2003).

2. **§ 49.04. Driving While Intoxicated**

    (b) Except as provided by Subsection (c) and § 49.09, an offense under this section is a Class B misdemeanor, with a minimum term of confinement of 72 hours.
    TEX. PEN.CODE ANN. § 49.04(b) (Vernon 2003).

and TEX. PEN.CODE ANN. § 49.09(a)[3], as urged by the State. The answer is found in TEX. PEN.CODE ANN. § 12.43(d) (Vernon 2003):

> If the punishment scheme for an offense contains a specific enhancement provision increasing punishment for a defendant who has previously been convicted of the offense, the specific enhancement provision controls over this section.

Prior to the intoxication and alcoholic beverage offenses being moved to the Penal Code, the Court of Criminal Appeals discussed a similar issue under the old statutory scheme. In *Wilson v. State,* 772 S.W.2d 118, 123 (Tex.Crim.App.1989), the Court stated:

> Consistent with the adoption of the language identifying offenses ("a person commits an offense") the DWI statute also adopts the language of the Penal Code identifying enhanced punishments ("If it be shown on the trial"). For example, the provisions authorizing enhanced punishment for repeat offenders in art. 6701–*l* (d) and (e), supra are each prefaced with "If it is shown on the trial . . . ." As previously noted, this is virtually the same language employed to introduce the availability of enhanced punishment in the Penal Code.

*See also Love v. State,* 833 S.W.2d 264, 265–66 (Tex.App.-Austin 1992, pet. ref'd).

The Court's pre-trial order should be reversed and the cause remanded for trial.[4] Because the majority affirms, I respectfully dissent.

---

3. **§ 49.09. Enhanced Offenses and Penalties**
    (a) Except as provided by Subsection (b), an offense under Section 49.04, 49.05, 49.06, or 49.065 is a Class A misdemeanor, with a minimum term of confinement of 30 days, if it is shown on the trial of the offense that the person has previously been convicted one time of an offense relating to the operating of a motor vehicle while intoxicated, an offense of operating an aircraft while intoxicated, an offense of operating a watercraft while intoxi-

cated, or an offense of operating or assembling an amusement ride while intoxicated. TEX PEN.CODE ANN. § 49.09(a) (Vernon 2003)

4. In all likelihood, the State will prosecute under the majority's analysis. If convicted, Morgan will allege it was error to include the prior offenses in the guilt-innocence stage and then the Court of Criminal Appeals may review the matter.