# NO. 12-13-00205-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *DANNY DALE WEISINGER, SR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

In this original proceeding, Relator, Danny Dale Weisinger Sr., seeks a writ of mandamus directing the trial court to appoint counsel to assist him in preparing a motion for forensic DNA testing. The respondent is the Honorable Pam Foster Fletcher, Judge of the 349th Judicial District Court of Houston County. We deny the petition.

## PROCEDURAL HISTORY[1]

Relator was indicted in the 349th District Court for aggravated assault with a deadly weapon, convicted, and sentenced to imprisonment for twenty years.[2] Thereafter, Relator filed a motion for appointment of counsel to assist him in filing an order for DNA testing. He also complained to the trial court in writing about his appellate counsel.

At a hearing on February 13, 2004, the Honorable Jim Parsons, Judge of the 3rd Judicial District Court of Houston County, granted Relator's request for "substitution of counsel." He informed Relator that he would appoint another attorney to "handle both issues"—the appeal and

---

[1] The procedural history of this case is derived from the records in this proceeding and in this court's cause numbers 12-03-00274-CR and 12-12-00278-CR. An appellate court may take judicial notice of its own records in the same or related proceedings involving the same or nearly the same parties. *See* ***Fletcher v. State***, 214 S.W.3d 5, 7 (Tex. Crim. App. 2007).

[2] *See* ***Weisinger v. State***, No. 12-03-00274-CR, 2004 WL 3103643, at *1 (Tex. App.–Tyler Jan. 12, 2005, pet. ref'd) (mem. op., not designated for publication). This court affirmed Relator's conviction. *See* ***id.***

"the DNA." However, the notation on the trial court's docket sheet includes no reference to the DNA issue.

Relator's new counsel was notified of his appointment by a document entitled "Order Relating to Indigency and Appointment of Counsel." This document does not include a reference to the DNA issue. Judge Parsons did not sign a written order memorializing his ruling on the DNA issue and never informed counsel that he was to represent Relator on that issue.

Ten months later, Relator filed a second motion requesting appointment of counsel for DNA purposes, which he identified as a motion to reconsider. The following month, he filed a motion requesting a ruling. The face of this motion bears the handwritten notation "Denied Jim Parsons 2.7.05."

On December 30, 2010, Relator filed an original proceeding complaining of Judge Parsons' failure to issue a written order memorializing his oral appointment of counsel on the DNA issue.[3] We denied relief in that proceeding and in another proceeding filed in 2011, in which Relator raised the same issue. *See generally **In re Weisinger***, No. 12-12-00278-CR, 2013 WL 776355 (Tex. App.–Tyler Feb. 28, 2013, orig. proceeding) (mem. op., not designated for publication); ***In re Weisinger***, No. 12-10-00447-CR, 2011 WL 241949 (Tex. App.–Tyler Jan. 26, 2011, orig. proceeding) (mem. op., not designated for publication).

In the present proceeding, Relator again asserts that the trial court abused its discretion by failing to issue a written order appointing counsel on the DNA issue. Judge Parsons has "ceased to hold office," *see* TEX. R. APP. P. 7.2(a), and in the prior proceedings, Judge Fletcher did not have the opportunity to address the underlying issue. Therefore, we abated this proceeding and asked Judge Fletcher to reconsider Judge Parsons' denial of Relator's motion to reconsider and forward her ruling to this court. *See* TEX. R. APP. P. 7.2(b). Judge Fletcher concluded that Judge Parsons did not abuse his discretion in overruling Relator's motion to reconsider. She filed findings of fact to support her conclusion, which included a finding that Relator failed to satisfy the statutory requirements for appointment of counsel.

---

[3] A relator's failure to show "diligent pursuit" of his complaint may justify denial of mandamus relief. ***In re State ex rel. Helbig***, 985 S.W.2d 189, 192 (Tex. App.–San Antonio 1998, orig. proceeding). However, Relator explained that the delay was due to the court reporter's failure, for almost six years, to file the record of the February 13, 2004 hearing. Relator also described, and provided documentation showing, his own diligence in attempting to have the record prepared and filed. Therefore, we addressed the merits of Relator's petition.

To establish that mandamus relief is appropriate, a relator must show that he has no adequate remedy at law to redress his alleged harm and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either aspect of this two part test, relief should be denied. *Id.*

An act is ministerial "when the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment." *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 Tex. Crim. App. 1994) (orig. proceeding) (en banc). However, a "discretionary" function may become "ministerial" when the facts and circumstances dictate but one rational decision. *Buntion v. Harmon*, 827 S.W.2d 945, 948 n.2 (Tex. Cri. App. 1992) (orig. proceeding).

An order denying a request for appointed counsel to assist in filing a motion for postconviction DNA testing is not immediately appealable. *Gutierrez v. State*, 307 S.W.3d 318, 322 (Tex. Crim. App. 2010).

## RIGHT TO APPOINTMENT OF COUNSEL–DNA TESTING

A criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man. *Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68, 129 S. Ct. 2308, 2320, 174 L. Ed. 2d (2009). Consequently, there is no substantive due process "freestanding right to DNA evidence" under the federal constitution. *Id.*, 557 U.S. at 72, 129 S. Ct. at 2322. Moreover, a defendant who has already been found guilty at a fair trial has only a limited interest in postconviction relief. *See id.*, 557 U.S. at 69, 129 S. Ct. at 2320. Thus, the state has more flexibility in deciding what procedures are needed in the context of postconviction relief. *Id.* But a state's postconviction relief procedures cannot be "fundamentally inadequate to vindicate the substantive rights provided." *See id.*

In 2001, the Texas Legislature added Chapter 64 of the Texas Code of Criminal Procedure. This chapter prescribes the procedure for a "convicted person" to obtain forensic DNA testing. Act of April 3, 2001, 77th Leg., R.S., ch. 2 § 2, 2001 Tex. Gen. Laws 2 (to be codified at TEX. CODE CRIM. PROC. ANN. arts. 64.01-.05). As originally enacted, Article 64.01(c)

provided that a convicted person was entitled to appointed counsel in a Chapter 64 proceeding if he informed the convicting court that he wished to submit a motion for DNA testing and the court determined that the person was indigent. *Id.*, 2001 Tex. Gen. Laws 2, 4. If these requirements were satisfied, the trial court had a ministerial duty to appoint counsel. ***Winters v. Presiding Judge of the Criminal Dist. Court Number Three of Tarrant Cnty.***, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003) (orig. proceeding).

In 2003, the legislature limited a convicted person's right to appointed counsel. *See* Act of April 25, 2003, 78th Leg., R.S., ch. 13, § 5, 2003 Tex. Gen. Laws 16, 16. Under the amended version of Article 64.01(c), a convicted person is entitled to appointed counsel if he informs the court that he wishes to submit a motion for DNA testing, the court finds reasonable grounds for a motion to be filed, and the court determines the person is indigent.[4] *Id.*

Generally, reasonable grounds are present when the facts stated in the request for counsel or otherwise known to the convicting court reasonably suggest that a "valid" or "viable" argument for testing can be made. ***Ex parte Gutierrez***, 337 S.W.3d 883, 891 (Tex. Crim. App. 2011). The basic requirements for "reasonable grounds" are that biological evidence exists, that the condition of the evidence allows it to be tested, that the identity of the perpetrator is or was an issue, and that the case is the type in which exculpatory DNA results would make a difference. *Id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 64.03(a) (West Supp. 2014).

<u>**MINISTERIAL ACT**</u>

Relator argues that he has been denied the opportunity to exercise his statutory right for DNA analysis because Judge Parsons failed to sign an order for the appointment of counsel pursuant to Chapter 64 of the Texas Code of Criminal Procedure. As we explain below, however, Relator has not shown that the act he seeks to compel is ministerial.

<u>**First Motion for Appointment of Counsel**</u>

On November 17, 2003, Relator filed his first motion requesting counsel to assist him in obtaining an order for DNA testing. The "reasonable grounds" requirement of Article 64.01(c) was effective seventy-seven days earlier on September 1, 2003. *See* Act of April 25, 2003, 78th Leg., R.S., ch. 13, § 9, 2003 Tex. Gen. Laws 16, 17. However, Relator alleged only that he

---

[4] These requirements have remained unchanged. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (West Supp. 2014). Therefore, in the remainder of this opinion, we cite to the current version of Article 64.01(c) for ease of reference.

sought DNA testing to prove that the "hammer handle" introduced into evidence at his trial "was not the object used to cause the injuries of the victim." He did not allege the basic "reasonable grounds" for the filing of a DNA motion. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a); ***Ex parte Gutierrez***, 337 S.W.3d at 891. Consequently, the trial court could not have found that reasonable grounds existed for the filing of a motion for DNA testing.

At the hearing, the prosecutor informed Judge Parsons that Relator had not properly presented his motion, but expressed her opinion that "the Court needs to examine his motion for counsel – appointment of counsel for DNA examination." Judge Parsons granted the motion without any mention of the required findings. On the same day (February 13, 2004), the "Order Relating to Indigency and Appointment of Counsel" was signed by a person designated as "Counsel Coordinator, Asst." and included no reference to the appointment of counsel for the DNA issue.

Ordinarily, our analysis would end here because, except in matters of sentencing, a trial court's written order controls over its oral announcement. *Compare **Eubanks v. State***, 599 S.W.2d 815, 817 (Tex. Crim. App 1980) ("The written order of the court controls over an oral announcement."), *with **Coffey v. State***, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) ("[W]hen there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls."). However, Judge Parsons did not sign the "Order Relating to Indigency and Appointment of Counsel." Therefore, we will assume, for purposes of analysis, that this document had no effect on his oral ruling.

**Second Motion for Appointment of Counsel (Motion to Reconsider)**

Approximately ten months after Judge Parsons' oral ruling, Relator filed a "Motion to 'Reconsider' Said Motion For (DNA) Testing Pursuant to Article 64, Code of Criminal Procedure." He alleged that he wished to submit a motion for DNA testing pursuant to Texas Code of Criminal Procedure Chapter 64, that he was indigent, and that he was requesting the appointment of counsel pursuant to Article 64.01(c). He stated further that the sole purpose of the DNA testing "is to establish a fact, as whether an object was connected to a particular incident, whether it be criminally, or accidental. The issue in the appellant's case is that it is considered to be criminally associated." But he did not allege "reasonable grounds" for a DNA motion to be filed. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a); ***Ex parte Gutierrez***, 337

S.W.3d at 891. The following month, Relator requested a ruling on this motion. Judge Parsons denied the motion by a handwritten notation dated February 7, 2005.

As we stated earlier, a trial court may appoint counsel only if it determines that the convicted person is indigent and finds reasonable grounds for a DNA motion to be filed. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c). Consequently, appointment of counsel is no longer a purely ministerial act. *See id.*; *In re Ludwig*, 162 S.W.3d 454, 454-55 (Tex. App.–Waco 2005, orig. proceeding). Moreover, as we have already noted, Relator did not allege "reasonable grounds" for filing a DNA motion. And so this is not a situation in which, under the facts and circumstances, Judge Parsons had no discretion to deny Relator's motion for appointment of counsel. *See Buntion*, 827 S.W.2d at 947 n.2. Therefore, Relator has not shown that the act he seeks to compel (the issuance of an order appointing counsel for DNA purposes) is ministerial.[5]

## CONCLUSION

Because Relator has not shown that the act he seeks to compel is ministerial, he has not shown his entitlement to mandamus relief. *See Young*, 236 S.W.3d at 210. Accordingly, we *deny* his petition for writ of mandamus. All pending motions are *dismissed* as moot.

**SAM GRIFFITH**
Justice

Opinion delivered October 22, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[5] Relator argues, at least implicitly, that Judge Parsons had no discretion to disregard his prior oral ruling. But an oral ruling is subject to change. *See State v. Sanavongxay*, 407 S.W.3d 252, 258 (Tex. Crim. App. 2012); *Elliott v. Lewis*, No. 05-91-01216-CV, 1994 WL 709333, at *8 (Tex. App.–Dallas Dec. 16, 1994, no writ) (not designated for publication) (noting that "[c]ommon experience shows . . . judges often change their oral rulings").



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### OCTOBER 22, 2014

### NO. 12-13-00205-CR

**DANNY DALE WEISINGER, SR.,**
Relator
V.
**HON. PAM FLETCHER,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **DANNY DALE WEISINGER, SR.**, who is the defendant in Cause No. 03CR-035, pending on the docket of the 349th Judicial District Court of Houston County, Texas. Said petition for writ of mandamus having been filed herein on June 11, 2013, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*