

# In the Court of Criminal Appeals of Texas

NO. WR-94,371-02

EX PARTE CORY ROSS,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. W11-31175-Q(A) in the 204th District Court
From Dallas County

YEARY, J., filed a dissenting opinion in which SLAUGHTER, J., joins.

On March 6, 2015, Applicant was adjudicated guilty of injury to a child and sentenced to confinement for forty years. He appealed, but on March 11, 2016, the court of appeals affirmed the trial court's judgment. Unfortunately, Applicant's counsel did not inform him of the court of appeals' decision until June of 2016, well outside the time for filing a

petition for discretionary review (PDR). Applicant did not file a PDR, and his judgment became final.

Applicant was notified about the court of appeals' decision denying him relief by a letter from his counsel drafted on June 9, 2016. Critically, in that same letter, Applicant's counsel told him:

> You might be able to obtain an out of time Petition for Discretionary Review (PDR), but you must file a writ of habeas corpus with the trial court. The trial court can recommend to the Texas Court of Criminal Appeals that you be granted the right to file an out-of-time PDR.

The letter from Applicant's counsel also: (1) gave him instructions on how to pursue a writ; (2) explained the argument that he could make—that he did not receive timely notice from his counsel about the court of appeals' decision; and (3) asserted that the letter itself enclosed a form for Applicant to use to prepare his application.

Now, almost seven years later, Applicant has finally filed an application for the writ of habeas corpus. Among other claims made in his application, Applicant seeks the right to file an out-of-time PDR. Applicant provides no explanation for his extremely long delay. But the Court grants him the right to file an out-of-time petition anyway. I cannot join the Court's decision.

To better understand the circumstances presented by this application, consider the usual time for filing a PDR. Our rules ordinarily permit the filing of a PDR up to 30 days after the court of appeals renders its judgment. TEX. R. APP. P. 68.2(a). If Applicant had acted right away, immediately after he became aware of the court of appeals' decision in his case, he would have sought the right to pursue

an out-of-time PDR at three times the number of days that our rules ordinarily permit for filing a PDR. But because Applicant waited to file his writ application until December of 2022, he first sought to pursue his PDR rights at close to eighty times the number of days that our rules ordinarily permit for filing a PDR.

Because the Court grants relief in the form of an out-of-time PDR in these circumstances, it makes me wonder how long would be too long to wait to pursue an out-of-time PDR. Would ten years be too much? Would twenty years be too much? Would fifty years be too much? Perhaps the answer is that there is no limit. But the Court does not address that question today.

I have regularly urged the Court and our trial courts as well, when addressing long delayed applications for the writ of habeas corpus, to consider the doctrine of laches. *See, e.g.*, *Ex parte Bazille*, 663 S.W.3d 68 (Tex. Crim. App. 2022) (Yeary, J., concurring). In *Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013), this Court explained that the doctrine of laches is defined as:

> neglect to assert right or claim which, taken together with lapse of time and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity.

*Id*. at 210 (quoting from *Ex parte Carillo*, 992 S.W.2d 486, 487–88 (Tex. Crim. App. 1999), which itself quoted from BLACK'S LAW DICTIONARY 875 (6th ed. 1990)). But the definition quoted by the Court did not stop there. Without great elaboration, the Court's definition also included the following language:

> Also, it is the neglect for an unreasonable and unexplained length of time under circumstances permitting diligence, to

do what in law, should have been done.

*Id.* The first part of the definition: (1) focused on "neglect" in asserting a right or claim; and (2) invoked a notion of delay that causes prejudice to an adverse party as part of its calculation. But the second part eschewed any notion of prejudice to an adverse party and focused only on delay that is (1) unreasonable; and (2) unexplained. It is this second part on which I focus today.

Habeas corpus, this Court has said, is an "equitable remedy." *Id.*; *Ex parte Moreno*, 245 S.W.3d 419, 428 (Tex. Crim. App. 2008). Courts exercising equitable powers do so as a matter of their sound discretion. *See, e.g.*, *Johnson v. Cherry*, 726 S.W.2d 4, 8 n.2 (Tex. 1987) ("The exercise of our equitable power is discretionary[.]"); *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998) ("Matters of equity are addressed to the trial court's discretion."). According to this Court's precedents, "equity aids the diligent and not those who slumber on their rights." *Moreno*, 245 S.W.3d at 428−29. This same principle of equity has also been recognized by our sister Court, the Supreme Court of Texas. *Rivercenter Associates v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (explaining that "equity aids the diligent and not those who slumber on their rights") (internal quotation marks and brackets omitted). And, at times, the Supreme Court has found that delay alone without explanation, and without consideration of any notion of prejudice to an adverse party, is sufficient reason to deny equitable relief.

In *Rivera*, for example, Rivercenter sought mandamus relief "from a trial court's order overruling its motion to quash [a] jury demand[.]" The Supreme Court observed that "Rivercenter waited over

four months after the filing of the Defendants' jury demand before asserting any rights it may have had under the jury waiver provisions[,]" and that, "[t]he record reveal[ed] no justification for this delay." *Id.* "Under these circumstances"—presumably those where the record showed a delay and no explanation for it—the Court concluded, "Rivercenter ha[d] not shown diligent pursuit of any right to a non-jury trial." *Id.* And the relief that was sought was denied. *Id.* at 368.

The Fourth Court of Appeals has also recognized that equity does not favor a remedy in the face of unexplained delay. *In re State ex rel. Hilbig*, 985 S.W.2d 189 (Tex. App.—San Antonio 1998). In *Hilbig*, the State sought mandamus relief against a trial court arguing that it had no authority to terminate probationary periods in certain felony driving while intoxicated cases pursuant to Section 20 of former Article 42.12 of the Code of Criminal Procedure. *Id.* at 190 (citing former TEX. CODE CRIM. PROC. art. 42.12, § 20). The court of appeals agreed with the State that the trial court "acted outside the scope of Section 20," but it denied mandamus relief on the ground that the State had "waited an average of fifteen months to complain about the [trial court's] rulings" and had "offered no direct explanation for the passage of time." *Id.* at 192.

Whether derived from the doctrine of laches or from some other equitable doctrine or rule, the principle that "neglect for an unreasonable and unexplained length of time under circumstances permitting diligence, to do what in law, should have been done" is well grounded, and it supports denial of equitable relief. Its elements are certainly satisfied by the facts of this case. Applicant waited nearly seven years after learning about the adverse decision of the court of

appeals in his case and after receiving notice that he could pursue an out-of-time PDR by filing a writ of habeas corpus in the trial court. Only then, after such an extreme delay, did Applicant finally file his habeas application requesting an out-of-time PDR. But "equity [should not aid] those who slumber on their rights." *Moreno*, 245 S.W.3d at 428–29 (original brackets and quotation marks omitted).

Nearly seven years after Applicant received late notice from his counsel about the court of appeals' decision rejecting his claims for relief on direct appeal, and even after Applicant received contemporaneous notice from counsel about how to pursue an application for habeas relief to restore his opportunity to pursue a PDR, and even without any explanation for Applicant's extreme delay, the Court grants Applicant relief in the form of an out-of-time PDR. But the equities do not favor Applicant.

I would deny relief. Because the Court does not, I respectfully dissent.

**FILED:**                                    September 20, 2023
**PUBLISH**