IN THE 
COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1083-03




THE STATE OF TEXAS

v.


MARK HAMILTON MORGAN, Appellee





ON STATE'S PETITION FOR DISCRETIONARY REVIEW

FROM THE NINTH COURT OF APPEALS


MONTGOMERY COUNTY




Keasler, J., 
delivered the 
opinion of the Court joined by Meyers, 
Price, 
Womack, 
Johnson, 
Hervey, 
Holcomb, and 
Cochran, 
JJ. 
Keller, 
P.J., concurred in 
the result. 

O P I N I O N 

The State charged 
Mark Hamilton Morgan with DWI and alleged a prior DWI conviction. Before trial, 
the State requested the judge to treat the information as alleging a Class A 
misdemeanor under Penal Code § 49.09. The judge instead ruled that he would 
treat it as charging a Class B misdemeanor with an enhancement allegation 
pursuant to Penal Code § 12.43. The State appealed this pretrial ruling. We find 
no jurisdiction for the State's appeal.

Facts and 
Procedural History

The State's 
information charged Morgan with driving while intoxicated on September 5, 2002. 
In a separate paragraph, the information alleged that Morgan had previously been 
convicted of driving while intoxicated in 1993. Because the judge had ruled in 
other cases that this type of information alleged a Class B offense, the State 
filed a motion for "a pre-trial determination of whether, if the defendant is 
found guilty, the jury will be instructed to consider a Class A range of 
punishment if the prior conviction is found true." The State explained that it 
was seeking a pretrial ruling rather than disrupt the proceedings with an appeal 
after a finding of guilt.
At the hearing, 
defense counsel argued that the State's request was premature because the State 
was seeking "a determination on a punishment issue" and that "any such 
determination should be made at the time of the punishment phase of the trial 
should that become necessary." The judge acknowledged that the defense "could be 
right," but nevertheless ruled. The judge said his opinion was that "it's 
impossible for the Court to instruct on a Class A range because same has not 
been pled because I feel like it has to be an element of the offense to come 
under 49.09 Class A offense. The separate paragraph is pleading for enhanced B 
under 12.43 of enhancement for punishment, and that's not what the State 
wants."
In a written 
order, the judge granted the State's motion in that he agreed to provide a 
pretrial ruling. He ruled that he would not instruct the jury on the Class A 
range of punishment if the defendant were found guilty and the enhancement 
paragraph were found true.
The State 
appealed this ruling. In its notice of appeal, it contended that it had the 
right to appeal pursuant to Art. 44.01(a)(1), (1) which 
grants the State the right to appeal "an order of a court in a criminal case if 
the order dismisses . . . any portion of an . . . information."
The Court of 
Appeals, relying on State v. 
Moreno, 
(2) concluded that it had jurisdiction over the appeal because "the 
trial court's ruling effectively terminated the prosecution for an 'enhanced' 
offense." (3) 
Reaching the merits of the appeal, the appellate court found no error in the 
trial court's ruling and remanded the case for further proceedings. (4) Justice 
Burgess dissented on this point but did not dispute the court's jurisdiction 
over the appeal. 
(5)
We granted the 
State's petition for discretionary review, which asks whether the prior 
conviction of a DWI offense punishable as a Class A misdemeanor is an element of 
the offense that should be read and proved by the State at guilt-innocence. We 
also granted review, on our motion, of an additional ground: whether Art. 44.01, 
or any other law, authorizes the State's appeal in this case. (6) Because of 
our resolution of this latter ground, we do not reach the State's ground for 
review.

Analysis

The State is 
entitled to appeal an order that "dismisses an indictment, information, or 
complaint or any portion of an indictment, information, or complaint." (7) In 
Moreno, we 
examined this language in depth. There, the defendant filed a motion to quash 
the information. The trial judge granted the motion but crossed out language in 
the defendant's order that said "and this cause is dismissed." The State 
appealed the order granting the motion to quash. The Court of Appeals concluded 
that it did not have jurisdiction over the State's appeal because the trial 
court's order had not dismissed the information. (8) Instead, 
the court of appeals said, the State had the ability to cure the defect by 
amending the information.
We reversed. (9) We 
indicated that the word "dismisses" in Art. 44.01 is ambiguous because the 
Legislature did not use terminology from the Code of Criminal Procedure. (10) We looked 
to extra-textual factors, including the bill analysis and federal caselaw, to 
ascertain the meaning of "dismisses." We recognized that the intent of the 
statute was to afford the State the same right to appeal as that granted the 
federal government in 18 U.S.C. § 3731. (11) We 
concluded that "[t]he mere label attached either to the defendant's motion or to 
the trial court's order ruling on same cannot determine its appealability" (12) and that 
"the State has the power to appeal from any trial court order concerning an 
indictment or information . . . whenever the order effectively terminates the 
prosecution in favor of the defendant." (13) That 
happens, we held, "whenever the effect of the [trial court's] order forces any 
alteration of the indictment or information before the trial on the merits and 
the State is not willing to comply with that order." (14) 

Relying on this 
language, the State argues that the trial judge's order in this case 
"effectively quashed the information and terminated the prosecution of a Class A 
misdemeanor." The State contends that "[t]he fact that the trial court did not 
actually or physically quash any part of the State's indictment [sic] is of no 
moment." Instead, the State argues, the judge's order "required the State to 
amend the information."
To clarify the 
issue, it is useful to explain the underlying dispute, even though we do not 
resolve it today. Driving while intoxicated is a Class B misdemeanor (15) with a 
maximum term of confinement for 180 days. (16) But under 
Penal Code § 49.09, it is a Class A misdemeanor, with a minimum term of 
confinement of 30 days, if it is shown on the trial of the offense that the 
person has previously been convicted of an intoxication-related offense. (17) In that 
situation, the maximum confinement is one year. (18) On the 
other hand, Penal Code § 12.43(b) provides that if a defendant convicted of a 
Class B misdemeanor has previously been convicted of a Class A or Class B 
misdemeanor or any felony, he is to be punished by confinement in jail for not 
more than 180 days or less than 30 days. (19) So the 
Penal Code includes two separate statutes providing for potentially increased 
punishment in the case of a person's second offense of driving while 
intoxicated. The trial judge in this case determined that § 12.43(b) controls 
due to the manner in which the State crafted its information, and the State 
objects. 
Although we do 
not resolve the underlying substantive issue, this canvass illustrates the 
answer to our jurisdictional question. Regardless of how the trial court were to 
rule on the State's pretrial motion, this DWI prosecution would proceed. It may 
not proceed in the manner in which the State or Morgan desired. It may proceed 
with the evidence of the prior DWI conviction being admitted at guilt-innocence. 
It may proceed with Morgan being subjected to a punishment range that one party 
opposes. But the prosecution will proceed. Nothing in the trial court's order 
purports to prevent the prosecution from moving forward on this information. The 
order does not force an alteration of the information before trial can proceed. 
Instead, it forces the State to alter the information before trial can proceed 
in the manner in which the State chooses.
Since the 
prosecution would proceed regardless of the trial court's ruling, this is an 
interlocutory appeal. As a general rule, interlocutory appeals are not 
permitted. 
(20) Art. 44.01 provides several instances in which the State can 
appeal, but only one of those involves an interlocutory appeal. Subsection 
(a)(5) allows the State to file an interlocutory appeal from a trial court's 
order granting a motion to suppress evidence. But the statute specifies 
conditions to such an appeal. The prosecutor must include a certification that 
the appeal is not taken for purposes of delay. (21) There is 
no certification requirement under any of the other subsections, including 
subsection (a)(1). So an appeal under subsection (a)(1) is not to be utilized as 
an interlocutory appeal. It is supposed to be used only if the prosecution is 
terminated.
Additionally, we 
have recognized the need for speed with interlocutory appeals. (22) The State 
seeks such speed in this case. It filed a motion to expedite this appeal on July 
1, 2003, which we denied. The State's recognition that speed is desirable is 
further evidence that this is an interlocutory appeal. And in the motion, the 
State concedes that "[i]f the court of appeals is correct, the State will 
happily read and prove the prior conviction at guilt-innocence." The State 
acknowledges that this case will proceed, one way or another, after the trial 
court's order. So the trial court's order did not terminate the prosecution, and 
no jurisdiction exists for this appeal.

Conclusion

We disagree with 
the State that the trial judge's order "effectively terminated the prosecution." 
The order in this case affected only Morgan's possible punishment range. As a 
result, this is an interlocutory appeal for which appellate courts have no 
jurisdiction. 
We reverse the 
judgment of the Court of Appeals and remand this case to the trial court for 
proceedings consistent with this opinion. We dismiss the State's ground for 
review as moot.
DATE DELIVERED: 
May 5, 2004
PUBLISH 
1. Tex. Code Crim. Proc. Art. 44.01. Unless otherwise 
indicated, all references to articles are to the Texas Code of Criminal 
Procedure. 
2. 807 S.W.2d 327, 334 (Tex. Crim. App. 1991). 
3. State v. Morgan, 
110 S.W.3d 512, 513 (Tex. App. - Beaumont 2003). 
4. Id. at 513-15. 
5. Id. at 515-16 
(Burgess, J., dissenting). 
6. State v. Morgan, 
No. 1083-03, 2003 WL 22107912, at * 1 (Tex. Crim. App. Sept. 10, 2003). 
7. Art. 44.01(a)(1). 
8. State v. Moreno, 
769 S.W.2d 661 (Tex. App. - Corpus Christi 1989), rev'd, 807 
S.W.2d at 334. 
9. 807 S.W.2d at 334. 
10. Id. at 329. 
11. Id. at 329, 332. 
12. Id. at 332. 
13. Id. 
14. Id. at 334. 
15. Tex. Penal Code § 49.04(b). 
16. Id. at § 12.22. 
17. Id. at § 
49.09(a). 
18. Id. at § 12.21. 
19. Id. at § 
12.43(b). 
20. Ex parte 
Rathmell, 717 S.W.2d 33, 48 (Tex. Crim. App. 1986). 
21. Art. 44.01(c)(5); State v. Muller, 
829 S.W.2d 805, 809 n.5 (Tex. Crim. App. 1992). 
22. State v. 
Rosenbaum, 818 S.W.2d 398, 402 (Tex. Crim. App. 
1991).